IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons, ) ) ) ) ) | No. 12-cv-03233 |
| Plaintiff, ) ) | Hon. Judge John F. Grady |
| v. ) ) | Hon. Magistrate Judge Jeffrey Cole |
| ALLSCRIPTS-MISY'S HEALTHCARE SOLUTIONS, INC., ALLSCRIPTS, LLC and ALLSCRIPTS HEALTHCARE SOLUTIONS, INC. ) ) ) ) ) | **ORAL ARGUMENT REQUESTED** |

**ALLSCRIPTS HEALTHCARE SOLUTIONS, INC.'S COMBINED MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(B)(1), TO DENY MOTION FOR CLASS CERTIFICATION AND, IN THE ALTERNATIVE, TO STAY ALL PROCEEDINGS**

Allscripts Healthcare Solutions, Inc. ("Allscripts"), respectfully requests this Honorable Court to Dismiss the Class Action Complaint of Physicians Healthsource, Inc. ("PHI" or "Plaintiff") pursuant to FRCP 12(b)(1) with prejudice, to Deny Plaintiff's Motion for Class Certification and, in the Alternative, to Stay All Proceedings.

**FRCP 12(b)(1)** MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

1.      On May 1, 2012, PHI filed a Complaint in the Northern District of Illinois, Eastern Division, alleging that Allscripts sent it unsolicited fax advertisements in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2.      PHI's Complaint does not allege that it actually received any faxes from Allscripts. Instead, the Complaint merely alleges that Allscripts *sent* unsolicited faxes to PHI without PHI's invitation or permission.

3.      By failing to allege that PHI actually received any unsolicited faxes from Allscripts, PHI cannot establish that it sustained an "injury-in-fact" sufficient to give it standing to sue under Article III

of the Constitution. When a plaintiff cannot establish Article III standing, the federal courts lack subject-matter jurisdiction to adjudicate plaintiff's cause of action, as no actual controversy exists. Therefore, because PHI lacks standing to bring this action in federal court, PHI's Complaint should be dismissed with prejudice pursuant to FRCP 12(b)(1).

MOTION TO DENY PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

4. Local Rule 5.3(b) requires that every motion be accompanied by a notice of presentment specifying the date and time on which, and judge before whom, the motion is to be presented. The Rule further provides that the date of presentment shall not be more than 14 days following the date on which the motion is delivered to the Court.

5. Local Rule 78.2 provides this Court with the ability to deny motions that do not comply with LR 5.3(b)'s 14-day presentment requirement. To this day, PHI has not filed a notice of presentment with this court specifying the date and time on which, and the judge before whom, its Motion for Class Certification is to be presented. Due to PHI's clear violation of LR 5.3(b), Allscripts respectfully moves this Court to deny PHI's Motion for Class Certification pursuant to LR 78.2.

MOTION TO STAY ALL PROCEEDINGS

6. On May 22, 2012, the U.S. Court of Appeals for the Seventh Circuit heard oral argument in *Holtzman v. Turza* (7th Cir. Nos. 11-3188 & 11-3746) regarding the novel question of whether "actual receipt" of a fax is a necessary requirement for establishing Article III standing for TCPA plaintiffs. The issue was extensively briefed, and the petitioner has encouraged the Seventh Circuit panel to address it and provide much-needed guidance on the interplay between the TCPA's statutory standing requirements and Article III's constitutional requirements.

7. A decision by the Seventh Circuit in *Holtzman* is expected before the end of this year. In order to avoid wasting this Court's (and the parties') resources, and given that the Seventh Circuit's

decision will be controlling on this Court, Allscripts respectfully moves, in the alternative, for a stay of all proceedings in this matter until the Seventh Circuit renders a final decision in *Holtzman*.

\* \* \* \* \*

**WHEREFORE**, for the foregoing reasons, as well as those set forth in the accompanying Memorandum of Law, Allscripts Healthcare Solutions, Inc., respectfully requests this Honorable Court to award the following relief:

(i) Dismissal of the Complaint in its entirety and with prejudice pursuant to FRCP 12(b)(1);

(ii) Denial of Plaintiff's Motion for Class Certification pursuant to Local Rule 78.2 due to Plaintiff's failure to comply with the applicable presentment requirement under Local Rule 5.3(b);

(iii) Alternatively, staying all proceedings; and

(iv) Any additional relief deemed equitable and just.

**DATED**: June 12, 2012

          Respectfully submitted,

          **SEDGWICK LLP**

          By:   /s/ David S. Almeida
                One of Its Attorneys

David S. Almeida ARDC #6285557
David.Almeida@sedgwicklaw.com
David M. Poell ARDC #6302765
David.Poell@sedgwicklaw.com
**SEDGWICK LLP**
One North Wacker Drive, Suite 4200
Chicago, Illinois 60606
Telephone: (312) 641-9050
Facsimile: (312) 641-9530

*Counsel for Allscripts Healthcare Solutions, Inc.*