IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., )<br>an Ohio corporation, individually and as )<br>the representatives of a class of similarly- )<br>situated persons, )<br> )<br>                  **Plaintiff,**  )<br> )<br>v.                           )<br> )<br>ALLSCRIPTS-MISY'S HEALTHCARE )<br>SOLUTIONS, INC., ALLSCRIPTS, LLC,)<br>and ALLSCRIPTS HEALTHCARE )<br>SOLUTIONS, INC., )<br> )<br>                  **Defendants.**  ) | No. 12 C 3233<br><br>Magistrate Judge Jeffrey Cole |

**MEMORANDUM OPINION AND ORDER**

On May 1, 2012, Physicians Healthsource, Inc. filed this class action against Allscripts-Misy's Healthcare Solutions, Inc., Allscripts, LLC, and Allscripts Healthcare Solutions, Inc. for sending "junk" faxes in violation of the Telephone Consumer Protection Act. ("TCPA"), 47 U.S.C. § 227.[1] [Dkt. #1]. Concurrent with the Complaint, the plaintiff also filed a bare-bones, boiler plate Motion for Class Certification, but did not notice it for presentment at that time. [Dkt. #4]. That same day, before even entering an appearance, counsel for the defendants sent the plaintiff a settlement letter offering to pay $1,500 for each and every facsimile the plaintiff received – the maximum amount recoverable under the TCPA – as well as any costs that the plaintiff would recover were it to prevail. (*See* [Dkt. #34], Almeida Decl., Ex. A at 2). The defendants also offered to agree to the injunctive relief sought by the plaintiff. *Id.* Having made a

---

[1] This is the second TCPA class action suit brought by plaintiff's counsel against defendants, which settled and was finally approved by Magistrate Judge Kim on February 16, 2012. *See Geismann v. Allscripts-Misys Healthcare Solutions, Inc.*, Case No. 09 CV 5114.

complete offer of judgment, the defendants now move to dismiss the complaint for lack of subject matter jurisdiction for mootness. They also renew their previous request to deny the plaintiff's Motion for Class Certification.[2]

It is axiomatic that "[y]ou cannot persist in suing after you've won." *Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999). Article III of the Constitution limits the jurisdiction of federal courts to "actual, ongoing, controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). In order for a court to maintain jurisdiction, there must be "an actual case or controversy at all stages of the litigation." *Muro v. Target Corp.*, 580 F.3d 485, 491 (7th Cir. 2009). That is to say, "the parties to a federal case [must] maintain a personal stake in the outcome at all stages of the litigation." *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895 (7th Cir. 2011). It necessarily follows that, "[a] case becomes moot when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit." *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994)*; Gates v. City of Chicago*, 623 F.3d 389, 412 (7th Cir. 2010). Consequently, "'[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake.'" *Damasco,* 662 F.3d at 895.

The doctrine of mootness applies with no less force to a class action suit, where a named plaintiff serves in a representative capacity. *Premium Plus Partners, L.P. v. Goldman, Sachs &*

---

[2] The defendants originally filed a motion to dismiss for lack of subject matter jurisdiction – no injury alleged, to deny the plaintiff's Motion for Class Certification, and in the alternative, to stay all proceedings pending the Seventh Circuit's resolution of *Holtzman v. Turza* (7th Cir. Nos. 11-3176 & 11-3188), [Dkt. #17] I granted the motion to stay, denied the motion to dismiss without prejudice, and ordered the defendants to directly address the plaintiff's class certification motion in light of the their in-court representations that they had offered to settle the plaintiff's claims in full. [Dkt. #32]

*Co.*, 648 F.3d 533, 538 (7th Cir. 2011) ("It takes a representative with a live claim to carry on with a class action"); *Wrightsell v. Cook County,* 599 F.3d 781 (7th Cir.2010); *Muro,* 580 F.3d 485. A complete offer of settlement made prior to the filing for class certification moots the plaintiff's claim. *Damasco,* 662 F.3d at 894; *Holstein*, 29 F.3d 1145. The mere fact that a complaint identifies the suit as a class action "is not enough by itself to keep the case in federal court." *Damasco,* 662 F.3d at 896; *see Turek v. General Mills, Inc.,* 662 F.3d 423, 424 (7th Cir.2011). Nor can a plaintiff avoid mootness by moving for class certification after receiving an offer that satisfies their entire demand. *Damasco* 662 F.3d at 895; *Gates,* 623 F.3d at 413. "To allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III." *Damasco* 662 F.3d at 896

Because a "defendant cannot moot a case by making an offer *after* a plaintiff moves to certify a class," *id.,* at 895-896 (emphasis in original), the Seventh Circuit's solution to the "buy-off" problem faced by class action plaintiffs is for the plaintiff to "move to certify the class at the same time they file their complaint," *Id.*, at 896.[3] And, "[i]f the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation." *Id.*

The plaintiff's Motion for Class Certification filed simultaneously with its Complaint thus explained:

---

[3] In other circuits, absent undue delay, a plaintiff may move to certify a class after being offered complete relief and avoid mootness. *See Pitts v. Terrible Herbst, Inc.,* 653 F.3d 1081, 1091–92 (9th Cir.2011); *Lucero v. Bureau of Collection Recovery, Inc.,* 639 F.3d 1239, 1249–50 (10th Cir.2011); *Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 920–21 (5th Cir.2008); *Weiss v. Regal Collections,* 385 F.3d 337, 348 (3d Cir.2004). The Seventh Circuit has rejected this approach. *Damasco,* 662 F.3d at 896.

> Because the Seventh Circuit has ruled that a class plaintiff must file a motion for class certification to avoid a "pick-off," Plaintiff has filed this motion for class certification now, rather than waiting for discovery. Plaintiff requests leave to submit a brief and other evidence in support of this motion after discovery about the class elements has been completed."

[Dkt. #4, at 1-2] (citation omitted).

The defendants argue that the plaintiff's class certification motion does not protect them from the dispositive effects of an offer for complete relief because the plaintiff failed to notice the motion for presentment within the 14-day period required under by Local Rule 5.3(b). Having failed to comply with Local Rule 5.3(b), the defendant has moved to dismiss the motion pursuant to Local Rule 78.2. It is without question that the plaintiff did not notice its motion within 14 days of filing it. Given that the defendants' counsel did not enter an appearance[4] until 25 days after the motion was filed, the plaintiff's failure to adhere to LR 5.3(b)'s 14-day notice requirement is somewhat understandable and quite harmless.[5] The plaintiff, however, did not file its first notice of presentment until the day *after* the defendant first moved to deny the plaintiff's motion for class certification – for failure to file a notice of presentment – and fifty-one days after filing the motion. [*See* Dkts. ## 17, 23].

The defendant is correct that LR 5.3(b)'s presentment requirement is *not* optional and that judges in this District have repeatedly dismissed motions for failure to comply with the

---

[4] Counsels for the defendants filed their appearance on May 25, 2012. [Dkts. ## 12, 13]. Four days later, they filed an unopposed motion for an extension of time to respond to the complaint [Dkt. #14].

[5] In their reply brief, the defendants argue that in other class action cases the plaintiff's counsel had no problem complying with LR 5.3(b), filing timely notices of presentment with motions for class certification. (Def.'s Reply, at 8). However, the docket sheets provided by the defendants in support of this argument show that while true, in each instance, counsel for the defendant(s) had already entered an appearance. (Def.'s Reply., Ex. B, C, D). That said, as a matter of best practice, and to avoid the very issue now faced, the plaintiff would have been well served to simply file the notice of presentment along with its motion for class certification.

Rule. Although LR 5.3(b) is a rule of notice and the defendants cannot say the plaintiff's failure to notice their motion for class certification in any way disadvantaged them – the complaint itself is entitled "Class Action Complaint," – deadlines count. *See Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir.1996) ("we live in a world of deadlines ... the practice of law is no exception ... when parties wait until the last minute to comply with a deadline, they are playing with fire"); *In re Sulfuric Acid Antitrust Litigation*, 230 F.R.D. 527, 533 (N.D.Ill.2005)(collecting cases). And the Seventh Circuit has repeatedly warned that ignoring deadlines is the surest way to lose a case. *United States v. Golden Elevator*, Inc., 27 F.3d 301, 302 (7th Cir.1994); *see also Harris v. Owens–Corning Fiberglass Corp.*, 102 F.3d 1429, 1433 (7th Cir.1996).

However, whether to dismiss a motion under Local Rule 78.2 is entirely within a court's discretion. LR 78.2 provides, "[w]here the moving party … delivers a motion … without the notice required by LR5.3(b) and fails to serve notice of a date of presentment within 14 days of delivering the copy of the motion … to the court … the court *may* on its own initiative deny the motion." (emphasis added). While the Seventh Circuit has stressed the importance of compliance with Local Rules, *see FTC v. Bay Area Business Council, Inc.,* 423 F.3d 627 (7th Cir.2005), Local Rules have their limitations. And, like all rules, they must have sufficient flexibility and must be applied to accomplish the ends of justice and "not bury it beneath the pressure of their own weight," Joseph Story, Miscellaneous Writings, 210 (1852).

For that reason, our Court of Appeals has recognized that trial judges have broad discretion to determine how and when to enforce local rules. *See Elustra v. Mineo,* 595 F.3d 699, 710 (7th Cir. 2010); *Schlacher v. Law Offices of Phillip J. Rotche & Associates, P.C.,* 574 F.3d

852, 859 (7th Cir.2009); *Little v. Cox's Supermarkets,* 71 F.3d 637, 641 (7th Cir. 1995); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 923 (7th Cir. 1994). Inherent in that discretion is the authority to decide when a departure from Local Rules should be excused. *Somlyo v. J. Lu-Rob Enterprises,* 932 F.2d 1043, 1048 (2nd Cir.1991). *Cf. Brengettcy v. Ilorton,* 423 F.3d 674 (7th Cir. 2005). An appropriate circumstance for excusing non-compliance with rules is when compliance would have been an exercise in futility. *See Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.,* 242 F.R.D. 470, 474 (N.D.Ill.2007) (collecting cases).

Excusing the plaintiff's noncompliance with the Local Rule's presentment schedule in this case is consistent with *Damasco's* requirement that to avoid the "buy-off" problem, a plaintiff must file with his complaint a motion for class certification and its directive that a court should "wait until 'an early practicable time' before ruling on a motion to certify a class." *Damasco*, 662 F.3d at 896 (quoting F.R.C.P. 23(c)(1)(A)). A court "*must* engage in a 'rigorous analysis'—sometimes probing behind the pleadings—before ruling on certification." *Id.* (emphasis added). And in fact, "a court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class." *Id.*, at 897 (citations omitted). Those directives often cannot be adhered to if a court were required to rule on a class certification motion that was noticed to be heard within days of the filing of the simultaneously filed complaint. Dismissal in this case, especially when there is no prejudice to the defendant by the plaintiff's failure to notice its motion in a more timely way serve no useful purpose.

This is not to say that Local Rule 38.2 can be ignored or that in circumstances other than those presented here, the result might not be different. Rules and schedules count and cannot be ignored. "We live in a world of deadlines... the practice of law is no exception... when parties

wait until the last minute to comply with a deadline, they are playing with fire." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). *See also Raymond v. Ameritech Corp.*, 442 F.3d 600 (7th Cir. 2006). *See also Milam v. Dominick's Finer Foods, Inc.,* 567 F.3d 830, 831 (7th Cir. 2009); *Gross v. Town of Cicero,* 528 F.3d 498, 499-500 (7th Cir.2008).

The defendants' motions to dismiss and to deny class certification are denied.

ENTERED:_____
UNITED STATES MAGISTRATE JUDGE

DATE: 11/29/12

7