**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons, | ) | |
| Plaintiff, | ) | No. 12-cv-03233 |
| v. | ) | Hon. Magistrate Judge Cole |
| ALLSCRIPTS HEALTHCARE SOLUTIONS, INC. and ALLSCRIPTS HEALTHCARE, LLC | ) | |
| Defendants. | ) | |

**DEFENDANTS' SUPPLEMENT TO ITS MOTION TO COMPEL CERTAIN DISCOVERY RESPONSES, REQUEST FOR SANCTIONS AND MEMORANDUM IN SUPPORT**

## I. INTRODUCTION

As requested by the Court (Dkt. # 146), Defendants ALLSCRIPTS HEALTHCARE SOLUTIONS, INC. and ALLSCRIPTS HEALTHCARE LLC (collectively, "Allscripts"), hereby request the specific relief they seek as sanctions against Plaintiff PHYSICIANS HEALTHSOURCE, INC. ("Plaintiff" or "PHI") for (among other things) providing false discovery responses under oath and affirmatively concealing evidence.

## II. RELIEF REQUESTED

Allscripts seeks (1) monetary sanctions for having had to move to compel truthful responses to interrogatories and production of documents wrongfully withheld; (2) monetary sanctions for PHI's knowing concealment of important evidence; (3) monetary sanctions for the costs Allscripts was forced to incur in order to investigate and uncover PHI's fraud; and (4) an order from the Court directing Plaintiff to (a) withdraw its false, sworn responses to interrogatories and requests for production and to provide truthful and complete responses instead; (b) confirm that it has undertaken a reasonable search in good faith and produced all fax logs in its possession, custody or control, including those produced in *Alma Lasers*; (c) affirm it is not withholding additional pages of fax logs; and (d) be barred from introducing any additional purportedly "newly found" fax log pages in the future.

The twin goals of Rule 37 are remediation and deterrence. *See, e.g*, *Nat. Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976); *Rickels v. City of South Bend, Indiana,* 33 F.3d 785, 786-87 (7th Cir. 1994); *Fudali v. Napolitano*, 283 F.R.D. 400, 404 (2012) (citing and quoting *United States Freight Co. v. Penn. Cent. Transp. Co.*, 716 F.2d 954, 955 (2d Cir. 1983)).[1] Here, imposing the sanctions Allscripts requests would serve both of these objectives,

[1]*See id*. ("General deterrence, rather than mere remediation of the particular parties' conduct, is a goal under Rule 37; unconditional impositions of sanctions are necessary to deter other parties to other lawsuits from flouting other discovery orders of other district courts.") To accomplish these twin

and are particularly *apropos* because sanctions issued and concerns raised by other courts have not caused Plaintiff or its counsel to change their conduct. *See, e.g.*, *Physicians Healthsource, Inc. v. Alma Lasers, Inc., et al.*, 2014 WL 6561781 (N.D. Ill. Nov. 20, 2014) (Ex. B hereto); *Reliable Money Order, Inc. v. McKnight Sales Co.*, 704 F.3d 489, 490-91 (7th Cir. 2013) (noting plaintiff's counsel "engaged in conduct which gives this Court serious pause").[2] Allscripts has incurred significant costs in uncovering numerous false statements made by Plaintiff *under penalty of perjury* and willful concealment of evidence over the course of discovery. Rule 37 provides a remedy for such conduct.

### A. Allscripts Should Be Awarded Monetary Sanctions For Having Had To Move To Compel Truthful Responses To Interrogatories And Production Of Documents Wrongfully Withheld

The "great operative principle of Rule 37(a)(4) is that the loser pays." *Fudali*, 283 F.R.D. at 403 (citing and quoting *Rickels*, 33 F.3d at 786-87). Indeed, Rule 37(a)'s Advisory Committee Notes emphasize that "expenses should ordinarily be awarded unless a court finds that the losing party acted justifiably." *Id*. (*citing* Advisory Comm. Notes, 1970 Amend.). The burden is on the losing party to affirmatively demonstrate that its discovery conduct was "substantially justified." Fed. R. Civ. P. 37(a).

Here, there is no conceivable scenario under which providing knowingly false responses under oath in discovery and knowingly withholding responsive documents is (or could ever be) substantially justified, and yet that is precisely what PHI did. *See* Dkt. # 142 ("Motion to

objectives, Rule 37 is "flexible" with regards to sanctions, and the court has "broad" discretion to fashion appropriate sanctions. *See* 8B Wright & Miller, Federal Practice & Procedure § 2284 (3rd ed. 2010).

[2] Plaintiff and/or Plaintiff's counsel have brought potentially hundreds of lawsuits alleging violations of the Telephone Consumer Protection Act. *See* Motion to Compel at 1; *Reliable Money Order*, 704 F.3d at 493. Unfortunately, as indicated above, this would not be the first time that courts within the Seventh Circuit have questioned the conduct of plaintiff and/or its counsel, even going so far as to calling into question their ability to represent a class due to their dubious tactics. *Reliable Money Order*, 704 F.3d at 490-91, 493-96 (collecting cases and noting, "unethical conduct by class counsel implicates class certification because class counsel serves as a fiduciary for the unnamed plaintiffs."). *See also Compressor Engineering Corp. v. Mfrs. Fin. Corp.*, 292 F.R.D. 433, 445 (E.D. Mich. 2013) (Ex. C hereto); *Savanna Group v. Truan*, No. 10–cv–7995, 2013 WL 626981, at *5-7 (N.D. Ill. Feb. 20, 2013) (Ex. D hereto).

Compel") at 3-4. Under the circumstances, an award of appropriate fees and costs as determined by the Court is mandatory. An itemized list of Allscripts' fees and costs, which has been redacted due to the attorney-client privilege and work product protections, appears as Exhibit A. Allscripts is willing to share an unredacted Exhibit A with the Court for *in camera* inspection.[3]

**B. Allscripts Should Be Awarded Monetary Sanctions For The Time It Was Forced To Spend Investigating And Exposing Plaintiff's Fraud**

Sanctions are particularly appropriate where (as here) a party has knowingly lied in sworn discovery responses and affirmatively concealed the existence of relevant documents. *See e.g.*, *Aastra Tech. v. Jones*, No. Civ. 03–487–SM, 2005 WL 300059, at *2 (D.N.H. Feb. 9, 2005) (Ex. E hereto) (ordering party to pay all reasonable attorneys' fees incurred by other party in uncovering false statements made in interrogatory answers and obtaining correction); *Communispond, Inc. v. Kelley*, No. 96 CIV. 1487(DC), 1998 WL 473951, at *4 (S.D.N.Y. Aug. 11, 1998) (Ex. F hereto) (granting motion for sanctions, including attorney fees, where party engaged in various discovery abuses, including misrepresenting that "responsive discovery did not exist when in fact it did").

There is no dispute that Plaintiff served false responses to discovery under oath and concealed the existence of critical evidence at the very point at which it was producing that evidence in other cases. *See* Motion to Compel at 3-4, 14; *see also* discussion *infra* pp. 4-5 (describing the significance of the fax logs). The evidence Plaintiff tried to hide and/or falsified is very important, and could be dispositive, including because prior express invitation or permission, once given, remains in place until rescinded, and courts have found that if a fax number is widely published and the entity routinely invites faxing to that number, this can lead to an inference of consent. *See, e.g., CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 725-28 (7th Cir. 2011); *CE Design Ltd. v. Speedway Crane, LLC*, 2015 IL App (1st) 132572

[3] In addition, certain exhibits hereto are being filed in redacted form and under seal concurrently herewith for the reasons set forth in Allscripts' Motion for Leave to File Under Seal, also filed contemporaneously.

at ¶¶ 28-31. Allscripts is entitled to recover fees and costs as awarded by the Court. Ex. A.[4]

**C. PHI Should Be Ordered To Rectify The False Statements It Made Under Oath**

Allscripts further respectfully requests that PHI be ordered to provide true and complete responses to those interrogatories and requests for production that are false and/or affirmatively misleading so that the record is clear in the future. These are detailed in Ex. D, Dkt. # 142-5 (Nos. 17, 22, 27) and Ex. M, Dkt. # 142-14 (No. 1) of Allscripts' Motion to Compel.

**D. Plaintiff Should Be Ordered To Confirm Production Of All Fax Logs In Its Possession, Custody Or Control And Be Precluded From "Finding" In The Future Additional Fax Logs Beyond Those Already Produced**

PHI has suggested to the Court that even if it concealed the existence of the fax logs at the same time it was affirmatively producing them in *Alma Lasers*, there is "no harm, no foul" because the fax logs[5] only help PHI. Not so. The fax logs are in some cases decidedly unhelpful. In fact, one reason PHI had an incentive to affirmatively conceal their existence is because the fax logs raise questions as to whether a number of the pages attached to PHI's complaint are actually facsimiles received by PHI's fax machine.

A fax log is a report produced by a fax machine that automatically identifies all of the faxes sent and received on a particular date. For each fax received, it also indicates from whom the fax was sent. Where there is no entry on the automated fax log for a fax that PHI purports to have received on a specific date, its absence is powerful evidence that PHI never actually received the alleged fax. Allscripts believes it has identified at least two (2) pages attached to the complaint that do not appear on the corresponding fax log pages produced by PHI. *See* Group Ex. G hereto (July 11, 2008 and July 21, 2008 alleged faxes and corresponding fax log pages).

Moreover, twelve of the thirty-six alleged faxes attached to PHI's complaint do not

---

[4] Note that there is time that has not yet been included because it is not yet available, but will be provided to the Court when Allscripts submits its Reply Brief to its Motion to Compel.

[5] In *Alma Lasers*, the Court repeatedly referred to Plaintiff's written record of faxes received as a "fax log." *See* Ex. B at *1, 3-4. Suddenly in these proceedings, Plaintiff has decided to refer to them as "fax journals." This would appear to be nothing but a rhetorical device intended to obfuscate the issue.

contain any information whatsoever identifying the page as actually having been received by PHI's fax number at (513) 922-2009. *See* Ex. H hereto. In a dubious coincidence, for ten of these, the corresponding fax log pages also appear to be missing, even though employees of PHI testified in other cases that the fax logs are automatically printed multiple times a day and it is PHI's practice to retain the logs by mailing them to Mr. John Lowry, an attorney that works for PHI. *See* Dep. Tr. K. Curtis, Feb. 21, 2013, Ex. I hereto at 42:16-43:3. Beginning in 2008 until right before the statute of limitations was due to expire in 2012, PHI affirmatively collected pages it either received via facsimile or by some other means (without the fax logs no one will ever actually know) for the express purpose of bringing TCPA lawsuits against dozens of defendants. Courts have long recognized the duty to preserve evidence prior to the filing of a lawsuit where, as here, litigation was reasonably foreseeable. *Bowmar Instrument Corp. v. Texas Instruments, Inc*., 25 Fed. R. Serv. 2d (Callagahan), 423 (N.D. Ind. 1977); *see also* Dep. Tr. J. Ruch, May 28, 2013, Ex. J hereto at 16:5-17:6. Here, litigation was reasonably foreseeable because PHI collected the pages with the express intent to sue Allscripts and others. *See id.* PHI's behavior, whether malicious, reckless, negligent or otherwise, has prejudiced Allscripts.

To the extent that this problem can be rectified, it should be. Accordingly, Allscripts respectfully requests that this Court order Plaintiff (1) confirm all of the fax logs that were produced in the *Alma Lasers* case have been produced to Allscripts; (2) confirm it has conducted a diligent search for fax logs, and all within its possession, custody or control have been or will be produced in this action; and (3) be precluded from introducing any "new" fax logs at a later point in the case as it attempted to do in *Alma Lasers*. *See* Ex. B at *4.

## III. CONCLUSION

For the reasons set forth above, Allscripts respectfully requests that the Court order the relief requested above and such other, further relief this Court deems appropriate.

Dated: July 10, 2015

Respectfully submitted,

By: /s/ Livia M. Kiser

**SIDLEY AUSTIN LLP**

Livia M. Kiser
lkiser@sidley.com
Lawrence P. Fogel
lawrence.fogel@sidley.com
Andrew J. Chinsky
achinsky@sidley.com
One South Dearborn
Chicago, Illinois 60603
(t): (312) 853-7247
(f): (312) 853-7036

*Counsel for Allscripts Healthcare Solutions, Inc. and Allscripts Healthcare LLC*

**CERTIFICATE OF SERVICE**

I, Andrew J. Chinsky, hereby certify that on July 10, 2015, I caused a copy of the foregoing to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, using the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ Andrew J. Chinsky
Andrew J. Chinsky