**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ALLSCRIPTS HEALTHCARE SOLUTIONS, INC. and ALLSCRIPTS HEALTHCARE, LLC | ) ) ) ) |
| Defendants. | ) |

No. 12-cv-03233

Magistrate Judge Cole

### DECLARATION OF LIVIA M. KISER IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL CERTAIN DISCOVERY RESPONSES AND REQUEST FOR SANCTIONS AND SUPPLEMENT AND REPLY IN SUPPORT THERETO

I, Livia M. Kiser, declare as follows:

1. I am a partner at the law firm of Sidley Austin LLP ("Sidley"), counsel for Allscripts Healthcare Solutions, Inc. and Allscripts Healthcare, LLC (collectively, "Allscripts"). I have personal knowledge of the facts set forth in this Declaration, and, if called as a witness, could and would testify competently to such facts under oath.

2. I submit this Declaration in Support of Allscripts' Motion to Compel Certain Discovery Responses and Request for Sanctions.

3. As part of my duties, I review, edit, and approve all of the invoices issued to Allscripts for legal work performed by Sidley attorneys and paralegals in this matter, typically reviewing each invoice within a few weeks after such work was performed.

4. Invoices are typically prepared and submitted on a monthly basis.

5. There are three attorneys working on this matter: myself, Larry Fogel, and Andrew Chinsky. The paralegals working on the matter (as they are available to assist) are Mr. Platt, Ms. Ochwat, and Mr. Keker. All of these individuals bill their time for work performed. We strive to have the least expensive timekeeper perform any given task in order to keep the bills as low as possible.

6. Attached hereto as Exhibit A is an itemized chart prepared by me and individuals working under my direction that summarizes and describes the work performed and hours chargeable to Allscripts as a result of Sidley's examination and analysis of: (1) Plaintiff's written discovery responses with regard to fax logs; (2) Plaintiff's document productions submitted and court papers filed in other matters (including the *Alma Lasers* case) and comparing them to certain of Plaintiff's written discovery responses in this case, including with respect to Plaintiff's lack of production of fax logs; (3) Allscripts' additional, independent research to attempt to verify the truth or falsity of additional Plaintiff's written discovery responses, and analysis in connection therewith; (4) multiple discovery conferences with Plaintiff to discuss these matters and, where possible, attempt to informally resolve disputes; (5) analysis of Plaintiff's production of fax logs in May and then again in June, which Plaintiff expressly represented to be all of the fax logs in its possession; (6) preparation of the Motion to Compel Certain Discovery Responses and Request for Sanctions, Supplement thereto, Reply in Support thereof, and all necessary additional court papers (*e.g.*, declarations, notices, etc.); (7) review and analysis of Plaintiff's opposition and the allegedly new fax logs that Plaintiff produced in connection therewith on August 28, 2015 (collectively, the "Rule 37 Work").

7. The foregoing represents a great deal of work performed by the timekeepers working on this matter. The analysis and review was of necessity complicated and time

consuming because (among other reasons) accuracy and correctness was of paramount importance.

8. I prepared Exhibit A by reviewing the daily time recorded in the ordinary course of business by the person performing the task. I excluded from Exhibit A any legal work unrelated to the Rule 37 Work. In some instances, the time spent was billed as part of several tasks performed on the same day, so that it was necessary for me to confer with timekeepers in order to obtain good faith estimates, based on their knowledge of the nature of the tasks billed that day, how much of that day's work was devoted to the Rule 37 Work. In other instances, tasks relevant to the instant matter were the only tasks billed on that day.

9. I have redacted portions of Exhibit A from the publicly filed version to preserve Allscripts' attorney-client privilege and work product immunity over the time entries contained therein, but I contemporaneously submit an unredacted version of Exhibit A to the Court *in camera* to assist the Court in determining in its discretion the proper sanctions to issue as a result of Plaintiff's discovery abuses, as detailed in Allscripts' moving papers. By submitting an unredacted version of Exhibit A *in camera*, Allscripts does not intend to waive, does not waive, and expressly reserves the attorney-client privilege and work product immunity over the time entries contained therein.

10. The hourly rates for the timekeepers are reflected in Exhibit A. The rates and amounts in Exhibit A set forth amounts actually billed to Allscripts by Sidley. Based upon my experience, which includes nearly 15 years of practice before state and federal courts across the United States, the legal fees and costs incurred herein are reasonable and necessary for the completion of the Rule 37 Work in the Chicago-land area.

11. The total amount billed to Allscripts for the Rule 37 Work is $124,891.00. A breakdown of Exhibit A by category is as follows:

| Task(s) Relate To: | Total Hours | Total Fees: |
|---|---|---|
| Review and analysis of documents produced and court papers filed in other cases evidencing the existence of fax logs that Plaintiff in this case denied having; fact investigation in connection with Plaintiff's written discovery responses that were incomplete/inaccurate | 15.5 | $9,687.50 |
| Preparation for and attendance at meet-and-confers regarding fax logs and other discovery requests, including preparation of written correspondence | 15.9 | $9,266 |
| Review and analysis of thousands of pages of fax logs produced by Plaintiff in May, June, and August (produced both pre- and post- motion to compel) | 19.3 | $12,062.50 |
| Drafting of Motion to Compel Certain Discovery Responses and Request for Sanctions and ancillary papers (ECF Nos. 142 (and Exhibits A-U thereto) and 143.) | 58.0 | $33,250 |
| Preparation and attendance at Court hearings for motion | 3.6 | $2,250 |
| Drafting of Supplement to Motion to Compel Certain Discovery Responses and Request for Sanctions and ancillary papers, and preparation and filing of same (ECF Nos. 148, 149, 150 (and Exhibits A-J thereto), and 152.) | 37.9 | $20,687.50 |
| Review and analysis of Opposition to Motion to Compel Certain Discovery Responses and Request for Sanctions | 17.5 | $10,937.50 |
| Drafting of Reply in Support of | 42.8 | $26,750 |

| Task(s) Relate To: | Total Hours | Total Fees: |
|---|---|---|
| Drafting of Reply in Support of Motion to Compel Certain Discovery Responses and Request for Sanctions and ancillary papers, and preparation and filing of same (ECF Nos. 168 (and Exhibits A-N thereto), 175, 176, and 177 (and Exhibit A thereto).) | | |
| **Total** | **210.5** | **$124,891.00** |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 8, 2015

By: /s/ Livia M. Kiser
Livia M. Kiser

**CERTIFICATE OF SERVICE**

I, Andrew J. Chinsky, hereby certify that on October 8, 2015, I caused a copy of the foregoing to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, using the CM/ECF system, which will send notification of such filing to all attorneys of record.

                                                  /s/ Andrew J. Chinsky
                                                    Andrew J. Chinsky