**EXHIBIT 2**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons,<br><br>     Plaintiff,<br><br>  v.<br><br>ALLSCRIPTS HEALTHCARE SOLUTIONS, INC. and ALLSCRIPTS HEALTHCARE, LLC<br><br>     Defendants. | No. 12-cv-03233<br><br>Hon. Magistrate Judge Jeffrey Cole |

## FIRST AMENDED AND SUPPLEMENTAL INITIAL DISCLOSURES

Allscripts Healthcare Solutions, Inc. and Allscripts Healthcare, LLC (collectively, "Allscripts"), hereby submit their amended and supplemental initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

## INTRODUCTORY STATEMENT

Allscripts makes these disclosures subject to, and without waiving, their right to protect from disclosure communications protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or discovery protection. Allscripts makes these disclosures on behalf of themselves and other predecessors who sold goods and services to Plaintiff, including without limitation Misys Healthcare Systems LLC (all of whom are collectively referred to herein for purposes of these disclosures only as "Allscripts") without waiving any argument that they may have concerning the relevancy or admissibility of, or proper weight to be accorded to, any of the materials produced or information contained herein. Allscripts reserves the right to amend or supplement these disclosures based upon subsequent

development, including without limitation further factual investigation by Allscripts and additional information and discovery provided by Plaintiff.

## DISCLOSURES

Subject to the foregoing Introductory Statement, Allscripts discloses the following information:

**A. The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless use would be solely for impeachment.**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), Allscripts hereby makes the following disclosure of individuals who may have discoverable information that Allscripts may use to support their claims or defenses, unless solely for impeachment.

| Name | Address | Possible Discoverable Information |
|---|---|---|
| George Nathan Moster | May be contacted through undersigned counsel | Generally: Allscripts' marketing and sales strategy; Allscripts' policy and practice to obtain prior express permission or invitation from facsimile recipients prior to transmitting unsolicited facsimiles; Allscripts' policy and practice to exclude from facsimiles clients who opted out of receiving facsimiles or inactive clients. |
| Carissa Felix | May be contacted through undersigned counsel | Generally: Allscripts' marketing and sales strategy; Allscripts' policy and practice to obtain prior express permission or invitation from facsimile recipients prior to transmitting unsolicited facsimiles; Allscripts' policy and practice to exclude from facsimiles clients who opted |

| | | |
|---|---|---|
| | | out of receiving facsimiles or inactive clients. |
| Melissa Rempfer (formerly Morrill) | May be contacted through undersigned counsel | Generally: Allscripts' marketing and sales strategy; Allscripts' policy and practice to obtain prior express permission or invitation from facsimile recipients prior to transmitting unsolicited facsimiles; Allscripts' policy and practice to exclude from facsimiles clients who opted out of receiving facsimiles or inactive clients. |
| Matthew Galassini | May be contacted through undersigned counsel | Generally: Allscripts' marketing and sales strategy; Allscripts' policy and practice to obtain prior express permission or invitation from facsimile recipients prior to transmitting unsolicited facsimiles; Allscripts' policy and practice to exclude from facsimiles clients who opted out of receiving facsimiles or inactive clients. |
| Brian Moffett | May be contacted through undersigned counsel | Generally: Allscripts' marketing and sales strategy; Allscripts' policy and practice to obtain prior express permission or invitation from facsimile recipients prior to transmitting unsolicited facsimiles; Allscripts' policy and practice to exclude from facsimiles clients who opted out of receiving facsimiles or inactive clients. |
| Michele Westmoreland | May be contacted through undersigned counsel | Generally: Allscripts' marketing and sales strategy; Allscripts' policy and practice to obtain prior express permission or invitation from facsimile recipients prior to transmitting unsolicited facsimiles; Allscripts' policy |

| | | |
|---|---|---|
| | | to exclude from facsimiles clients who opted out of receiving facsimiles or inactive clients. |
| Christopher Edwards | May be contacted through undersigned counsel | Generally: Allscripts' marketing and sales strategy; Allscripts' policy and practice to obtain prior express permission or invitation from facsimile recipients prior to transmitting unsolicited facsimiles; Allscripts' policy to exclude from facsimiles clients who opted out of receiving facsimiles or inactive clients. |
| Gearline Monhollen | Doctors Revenue Management Services<br>CMC Office Center – Turfway<br>73 Cavalier Blvd.<br>Florence, KY 41042 | Generally: Plaintiff's business relationship and communications with Allscripts; billing services performed on behalf of Plaintiff, in both an employment and contractual capacity. |
| John Ruch, D.C. | Anderson + Wanca<br>3701 Algonquin Road, Suite 500<br>Rolling Meadows, IL 60008 | Generally: Plaintiff's business relationship and communications with Allscripts; the receipt of facsimiles from Allscripts and other vendors. |
| Jeffrey Elwert, D.C. | Anderson + Wanca<br>3701 Algonquin Road, Suite 500<br>Rolling Meadows, IL 60008 | Generally: Plaintiff's business relationship and communications with Allscripts; the receipt of facsimiles from Allscripts and other vendors. |
| Kathleen Curtis | Anderson + Wanca<br>3701 Algonquin Road, Suite 500<br>Rolling Meadows, IL 60008 | Generally: Plaintiff's business relationship and communications with Allscripts; the receipt of facsimiles from Allscripts and other vendors. |
| John P. Lowry | Boehm, Kurtz & Lowry<br>36 E. Seventh St.<br>Suite 1510<br>Cincinnati, OH 45202 | Generally: Plaintiff's retention of facsimiles, fax journals and/or logs; documents provided to |

|  |  | counsel of record for Plaintiff through Mr. Lowry and which documents (if any) were withheld. |
|--|--|--|

Allscripts reserves the right to amend or supplement these disclosures as its investigation into the specific allegations made by Plaintiff continues, and to conform to other developments in the case. Allscripts also reserves the right to have any identified witness testify concerning additional or different topics and to amend or supplement this disclosure as appropriate.

**B.    A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims and defenses, unless the use would be solely for impeachment.**

Given the information currently known to Allscripts, and without waiving any objections as to any applicable privileges or protections, confidentiality, or the admissibility at trial of any documents identified herein, and expressly reserving the right to rely on additional categories of documents, electronically stored information and tangible things and to amend or supplement these initial disclosures as appropriate, Allscripts, pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), discloses, without limitation, the following categories of documents (including all documents referred to in these documents), electronically stored information, and tangible things that are in their possession, custody or control and may be used to support their claims or defenses:

- Documents regarding Allscripts' policies and practices for obtaining prior express permission or invitation from facsimile recipients prior to transmitting unsolicited facsimiles.

- Documents from third parties pertaining or relating to facsimile transmissions sent on behalf of Allscripts as well as processes by which potential recipients were automatically excluded prior to transmissions being sent.

- Documents reflecting or relating to goods and services available from Allscripts, including why chiropractic practices such as Plaintiff would want to purchase such goods and services from Allscripts.

5

- Documents regarding Allscripts' policy and practice to exclude from facsimile transmissions (i) customers who opted out of receiving facsimiles, and/or (ii) inactive customers.

- Documents constituting, referring or relating to the business relationships between Allscripts and its customers, including Plaintiff, during the relevant time period, including the goods and services purchased by Plaintiff and others.

- Documents regarding, evidencing or pertaining to the communications between Plaintiff and/or one of its agents with Allscripts during the relevant time period.

- Documents identifying, relating or pertaining to the customers (including Plaintiff) Allscripts maintains in its Salesforce database, including records of communications revealing that prior express invitation or permission was obtained from many customers (including Plaintiff) to send unsolicited facsimiles.

- Documents regarding the employees, providers, and/or contractors employed by Plaintiff during the relevant time period, many of whom were expressly given authority to send and receive facsimiles.

- Documents regarding the use and public availability of Plaintiff's facsimile numbers during the relevant time period.

- Documents evidencing whether the alleged facsimiles are, in fact, facsimiles received by Plaintiff or were likely obtained in some other way.

- Documents evidencing Plaintiff's actual facsimile practices.

- Documents evidencing the many healthcare providers and other entities working with or for Plaintiff during the relevant time period, or for whom Plaintiff was providing advice and/or billing services, and who used and disclosed Plaintiff's facsimile number as his, her or its own.

- Documents evidencing Plaintiff's bad faith in bringing this lawsuit against Allscripts including documents evidencing (i) unclean hands, (ii) failure to do a reasonable pre-suit investigation, and (iii) failure to make truthful responses to sworn discovery, including requests to admit and interrogatories.

Allscripts reserves its right to amend or supplement these disclosures as its investigation into the specific allegations raised by Plaintiff continues, and to conform to other developments in the case.

**C.     A computation of any category of damages claimed by the disclosing party— who must make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

Allscripts disputes that Plaintiff has suffered any damages under the TCPA or anything else. Allscripts has suffered damages as a result of Plaintiff's unlawful and unauthorized sublicense of Allscripts' software to Gearline Monhollen. Although those claims are no longer before the Court as a result of the Court finding Allscripts' counterclaims are subject to arbitration (ECF No. 182), in an abundance of caution, and to avoid any charge by Plaintiff of waiver, Allscripts discloses that it will seek in arbitration compensatory damages, as well as costs, attorney fees, punitive and/or exemplary damages, pre-judgment and post-judgment interest, and any other relief that the arbitrator may deem just and proper.

**D.     For inspection and copying as under Rule 34 any insurance agreement under which an insurance business may be liable to satisfy part or all of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Allscripts is not party to an insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: December 1, 2015                  Respectfully submitted,

By: /s/ Livia M. Kiser
**SIDLEY AUSTIN LLP**
Livia M. Kiser
lkiser@sidley.com
Lawrence P. Fogel
lawrence.fogel@sidley.com
Andrew J. Chinsky
achinsky@sidley.com
One South Dearborn
Chicago, Illinois 60603
(t): (312) 853-7247
(f): (312) 853-7036

*Counsel for Allscripts Healthcare, LLC and Allscripts Healthcare Solutions, Inc.*

## CERTIFICATE OF SERVICE

I, Lawrence P. Fogel, hereby certify that on December 1, 2015, I caused a copy of Allscripts' First Amended and Supplemental Initial Disclosures to be served on all counsel of record via U.S. mail and electronic mail.

/s/ Lawrence P. Fogel
Lawrence P. Fogel