**EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>ALLSCRIPTS-MISY'S HEALTHCARE SOLUTIONS, INC., ALLSCRIPTS, LLC and ALLSCRIPTS HEALTHCARE SOLUTIONS, INC.<br><br>    Defendants. | No. 12-cv-03233<br><br>Magistrate Judge Hon. Jeffrey Cole |

## OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO EACH DEFENDANT

NOW COME Defendants Allscripts-Misy's Healthcare Solutions, Inc., Allscripts, LLC and Allscripts Healthcare Solutions, Inc. (collectively, "Allscripts") in accordance with Rule 33 of the Federal Rules of Civil Procedure hereby respond to Physician Healthsource, Inc.'s ("PHI" or "Plaintiff") first set of interrogatories, as follows:

### GENERAL OBJECTIONS AND RESPONSES

1. Allscripts' General Objections and Responses apply to each of Plaintiff's Interrogatories as set forth below.

2. Allscripts' General Objections and Responses are made without in any way waiving or intending to waive, but on the contrary, preserving and intending to preserve:

(A) all questions as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose, these responses, or the subject matter thereof, in this proceeding or any subsequent proceeding or any other action;

(B) the right of Allscripts to object on any ground to the use of said responses, or the subject matter thereof, in this proceeding or any subsequent proceedings;

(C) the right of Allscripts to object on any ground at any time to other discovery involving or relating to the subject of these requests.

3. Allscripts objects to each Interrogatory on the basis that not all the faxes sent on Allscripts' behalf during the Relevant Time Period (i) were used for any advertising or promotional purpose, or (ii) advertised any property, goods, or services. Allscripts, by answering any particular Interrogatory, does not waive the right to assert that any facsimile transmission during the Relevant Time Period was informational in nature.

4. Allscripts' investigation of this matter is continuing. These responses are based on and, therefore, necessarily limited by, the records and information still in existence, presently discovered during the course of preparing these responses. Consequently, Allscripts reserves the right to supplement and/or to revise these Responses if it appears at any time that an omission or error has been made or that more accurate or complete information is available.

5. Allscripts objects to each Interrogatory to the extent it purports to impose any requirement or obligation upon Allscripts other than those required by the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

6. Allscripts objects to each Interrogatory to the extent that it is vague, overly broad, unduly burdensome, harassing and/or is not relevant or likely lead to the discovery of relevant information.

2

7. Allscripts objects to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable restriction upon discovery.

8. Allscripts objects to each Interrogatory to the extent it seeks information outside their possession, custody and control.

### SPECIFIC OBJECTIONS AND RESPONSES

1. Fully identify each person involved in answering these Interrogatories, including persons who you consulted or who provided information relied on by you in answering any Interrogatory, and state the information supplied by each such person.

**RESPONSE:** Allscripts states that these Responses were prepared in consultation with undersigned counsel and all such communications and information exchanged with counsel are subject to the attorney-client privilege and/or work-product doctrine. Subject to, as limited by and without waiving the foregoing General Objections, Allscripts further states that the following persons below provided certain information as indicated below:

- **Nate Moster** (Director of Brand & Marketing Communications for Allscripts): Provided information regarding Allscripts' relationship with third-party fax broadcaster, Westfax, Inc. ("Westfax"), and Allscripts' faxing practices during the Relevant Time Period.

- **Michele Westmoreland** (formerly Associate Client Sales Executive for Allscripts): Provided information regarding Allscripts' relationship with third-party fax broadcaster, Westfax, and Allscripts' faxing practices during the Relevant Time Period.

- **Chad Kerner** (Director of Finance Disbursements for Allscripts): Provided information about invoices Allscripts received from Westfax between 2008 and 2011.

- **Greg Shorten** (Senior V.P. of Client Sales for Allscripts): Provided information about Allscripts' faxing practices during the Relevant Time Period.

- **Laura Bolger** (Sales Representative for Allscripts, Cincinnati, Ohio): Provided information about the marketing department's involvement in sending faxing during the Relevant Time Period.

The foregoing individuals may only be contacted through undersigned counsel.

2. State whether Defendant, or any other entity acting on Defendant's behalf, has utilized facsimile transmissions delivered by telephone during the Relevant Time Period which either (1) were used for any advertising or promotional purpose, or (2) which advertised any property, goods, or services, and describe in detail the content of each different document sent by such transmissions and the time period each different document was sent.

**RESPONSE:** In addition to the foregoing General Objections, Allscripts specifically objects to this Interrogatory to the extent it asks for a legal conclusion regarding whether any facsimile transmissions constituted "advertising" as that term is defined and understood under the TCPA. Additionally, Allscripts specifically objects to this Interrogatory as overbroad on the grounds that it asks for information about *all* facsimiles sent during the Relevant Time Period, not just the facsimiles attached as Group Exhibit B to PHI's Complaint. Subject to, as limited by and without waiving the foregoing General and Specific Objections, Allscripts states that it contracted with a third-party broadcaster, Westfax, to send certain facsimile transmissions on its behalf during the Relevant Time Period. Answering further, Allscripts will provide copies of all "commercial" facsimile transmissions as part of its responses to PHI's First Set of Requests for Production. Investigation continues.

3. State whether any facsimile transmission identified in Interrogatory 2 were sent to the telephone number 513-922-2009 during the Relevant Time Period and state the dates such transmissions were sent.

**RESPONSE:** In addition to the foregoing General Objections, Allscripts specifically objects to this Interrogatory on the grounds that facial review of each facsimile attached as Group Exhibit B to the Complaint reveals that time and date each facsimile was sent to the telephone number 513-922-2009. Subject to, as limited by and without waiving the foregoing General and Specific Objections, Allscripts states that, based on its investigation to date, it appears that the facsimile transmissions identified in Interrogatory No. 2 were sent to the telephone number 513-922-2009 on or about the following dates: July 9, 2008, July 11, 2008,

4

July 21, 2008, October 29, 2008, April 28, 2009, April 30, 2009, May 7, 2009, May 19, 2009, June 30, 2009, September 29, 2009, October 6, 2009, December 1, 2009, January 22, 2010, February 1, 2010, March 4, 2010, April 2, 2010, June 2, 2010, June 22, 2010, June 23, 2010, July 16, 2010, August 12, 2010, August 18, 2010, September 21, 2010, September 30, 2010, October 14, 2010, October 26, 2010, October 28, 2010, November 30, 2010, December 2, 2010, December 29, 2010, February 4, 2011, March 23, 2011, June 3, 2011, November 1, 2011, December 1, 2011 and December 5, 2011.

4. Fully identify all persons with knowledge of the facsimile transmissions identified in Interrogatory 2 or the documents sent by such transmission.

**RESPONSE**: Subject to, as limited by and without waiving the foregoing General Objections, Allscripts states that the persons identified in response to Interrogatory No. 1 possess knowledge regarding the facsimile transmissions identified in Interrogatory 2. Investigation continues.

5. Fully identify each person who was in any way involved in the facsimile transmission(s) identified in Interrogatory 3, and identify the telephone number of the telephone line used by the sending device, the address where the sending device was located at the time each call was made, the make, model, manufacturer, and serial number of the sending device, the owner of the sending device, and the owner's telephone number.

**RESPONSE**: In addition to the foregoing General Objections, Allscripts specifically objects to this Interrogatory on the grounds that Allscripts contracted with a third-party broadcaster, Westfax, to execute the actual sending of facsimile transmissions on Allscripts' behalf during the Relevant Time Period; hence, Allscripts does not have knowledge as to the address where the sending device was located at the time each was made, the make, model manufacturer and serial number of the sending device or the owner's telephone number. Subject to, as limited by and without waiving the foregoing General and Specific Objections, Allscripts

5

incorporates its responses to Interrogatory No. 4 as if fully set forth herein in response to Interrogatory No. 5. Answering further, Allscripts states that each of the facsimile transmissions sent to 513-922-2009 during the Relevant Time Period was sent using one of the following five telephone numbers: (i) 919-457-5149; (ii) 866-258-3119; (iii) 919-457-4089; (iv) 919-547-5150; (v) 919-573-4474.

6.    If Defendant contends an "Established Business Relationship" ("EBR") existed between Defendant and Plaintiff (or any other person Defendant believes was associated with telephone number 513-922-2009) at the time of any facsimile transmissions sent to telephone number 513-922-2009, the fully identify each person involved in the creation of that EBR, all facts supporting the existence of such an EBR, the date(s) on which such EBR was formed, and each person involved in maintaining a log or other record of such EBR.

**RESPONSE:** In addition to the foregoing General Objections, Allscripts specifically objects to this Interrogatory on the grounds that it asks for a legal conclusions as to whether an "Established Business Relationship" existed, as that term is defined and understood under the TCPA and its implementing regulations. Subject to, as limited by and without waiving the foregoing General and Specific Objections, Allscripts' internal investigation has shown that PHI did transact business with Allscripts during the Relevant Time Period. Answering further, Allscripts has not seen any evidence demonstrating that PHI asked to stop receiving facsimile transmissions during the Relevant Time Period. Pursuant to Fed.R.Civ.P. 33(d)(1), Allscripts directs Plaintiff's attention to the relevant portions of Allscripts' production: ALLSCRIPTS 00018–00035.

7.    Other than any facsimile transmissions to phone number 513-922-2009, identify the telephone numbers to which any facsimile transmissions identified in Interrogatory 2 were sent during the Relevant Time Period and the date on which each such transmission was made.

**RESPONSE:** In addition to the foregoing General Objections, Allscripts states that it will provide Plaintiff with any information its investigation reveals regarding the telephone

numbers to which any facsimile transmissions identified in Interrogatory No. 2 were sent during the Relevant Time Period and the date on which each such transmission was made. Answering further, Allscripts has copied the hard drives and Microsoft Outlook accounts of all custodians who may have been involved in the process of marketing and/or sending facsimile transmissions during the Relevant Time Period. Answering further, Allscripts reserves its right to amend its Response to this Interrogatory based upon additional information that may come to light as a result of any collection and/or review of documents that list any phone numbers to which facsimile transmissions were sent during the Relevant Time Period.

8. Other than any facsimile transmissions to phone number 513-922-2009, for each call made by or on behalf of Defendant which used facsimile transmissions identified in Interrogatory 2, identify the telephone number of the telephone line used by the sending device, the address where the sending device was located at the time each call was made, the make, model, and serial number of the sending device, the owner of the sending device, and the owner's telephone number.

**RESPONSE**: In addition to the foregoing General Objections, Allscripts specifically objects to this Interrogatory on the grounds that Allscripts contracted with a third-party broadcaster, Westfax, to execute the actual sending of facsimile transmissions on Allscripts' behalf during the Relevant Time Period; hence, Allscripts does not have knowledge as to the telephone number(s) of any telephone lines used by the sending device, the address where the sending device was located at the time each was made, the make, model manufacturer and serial number of the sending device or the owner's telephone number.

9. Fully identify each and every person who participated in Defendant's decision to send facsimile transmissions identified in Interrogatory 2, and state the extent and substance of each such person's participation therein.

7

**RESPONSE:** Subject to, as limited by and without waiving the foregoing General Objections, Allscripts incorporates its responses to Interrogatory No. 4 as if fully set forth herein in response to Interrogatory No. 9.

10. Fully identify the telephone service provider(s) that provided telephone service for the device(s) used to transmit facsimile transmissions identified in Interrogatory 2, stating the name, address, and account number of Defendant with that provider, and state the time period relevant to each such telephone service provider.

**RESPONSE:** In addition to the foregoing General Objections, Allscripts specifically objects to this Interrogatory on the grounds that Allscripts contracted with a third-party broadcaster, Westfax, to transmit facsimile transmissions on Allscripts' behalf during the Relevant Time Period; hence, Allscripts does not have knowledge regarding the telephone service providers that provided telephone service for the device(s) used to transmit facsimile transmissions sent during the Relevant Time Period.

11. Fully identify the telephone service provider that provided telephone service for the machine used to transmit the facsimile transmission(s) identified in Interrogatory 3.

**RESPONSE:** Subject to, as limited by and without waiving the foregoing General Objections, Allscripts incorporates its response to Interrogatory No. 10 as if fully set forth herein in response to Interrogatory No. 11.

12. If Defendant operated any device used to send any facsimile transmissions identified in Interrogatory No. 2 during the Relevant Time Period, state 1) the number of occasions Defendant engaged in such transmissions, and 2) for each such occasion, state the number of individual facsimile transmissions sent. If Defendant does not know the actual number of individual transmissions sent for any occasion, state the number of transmissions requested and/or expected to be sent on that occasion and the source of such information.

**RESPONSE:** Subject to, as limited by and without waiving the foregoing General Objections, Allscripts incorporates its response to Interrogatory No. 2 as if fully set forth herein in response to Interrogatory No. 12.

13. If Defendant operated any device used to send any facsimile transmissions identified in Interrogatory No. 2 during the Relevant Time Period, fully describe the equipment and/or software used, including 1) the name and version of the software used on the device, 2) location of the device when used to send such transmissions, 3) the current location of the device, 4) the identity of all users of the device, 5) and the telephone numbers of each telephone line connected to the device when used to send such transmissions.

**RESPONSE**: In addition to the foregoing General Objections, Allscripts specifically objects to this Interrogatory on the grounds that Allscripts contracted with a third-party broadcaster, Westfax, to transmit facsimile transmissions on Allscripts' behalf during the Relevant Time Period. Answering further, Allscripts incorporates its response to Interrogatory No. 2 as if fully set forth herein in response to Interrogatory No. 13.

14. If any person other than Defendant operated any device used to send any facsimile transmissions identified in Interrogatory No. 2 during the Relevant Time Period, for each such person state 1) the number of occasions each person engaged in such transmissions, and 2) for each such occasion, state the number of individual facsimile transmissions sent by that person. If Defendant does not know the actual number of individual transmissions sent for any occasion, state the number of transmissions requested and/or expected to be sent on that occasion and the source of such information.

**RESPONSE**: Subject to, as limited by and without waiving the foregoing General Objections, Allscripts states that, based upon its review of select Westfax invoices from the period between 2008 and 2011, it has identified that the following 19 faxes (attached as portions of Group Exhibit B to the Complaint) identified in the table below were sent the designated number of times during the Relevant Time Period. Answering further, Allscripts states that this information is based upon invoices *only*—not any transmission data—and therefore, Allscripts does not make any representation that every facsimile transmissions sent on its behalf was *successfully* sent and actually received by another party.

9

| Exhibit Page  | Number of Transmissions Sent |
|---------------|------------------------------|
| Ex. B, p. 13  | 5,203                        |
| Ex. B, p. 14  | 318                          |
| Ex. B, p. 15  | 318                          |
| Ex. B, p. 16  | 1,104                        |
| Ex. B, p. 17  | 7,375                        |
| Ex. B, p. 18  | 4,154                        |
| Ex. B, p. 19  | 7,319                        |
| Ex. B, p. 20  | 177                          |
| Ex. B, p. 21  | 1,589                        |
| Ex. B, p. 22  | 164                          |
| Ex. B, p. 23  | 7,260                        |
| Ex. B, p. 24  | 3,004                        |
| Ex. B, p. 26  | 2,982                        |
| Ex. B, p. 27  | 975                          |
| Ex. B, p. 28  | 3,001                        |

| | |
|---|---|
| Ex. B, p. 29 | 877 |
| Ex. B, p. 30 | 495 |
| Ex. B, p. 31 | 702 |
| Ex. B, p. 32 | 6,877 |
| **TOTAL** | **53,894 Transmissions** |

With respect to the remaining 17 facsimiles not listed in this table, investigation continues regarding the number of transmissions for each fax.

15. Identify the name, address, and telephone number of each person, other than Plaintiff, with whom Defendant contends an EBR existed between Defendant and such person at the time of any facsimile transmissions sent to that person, and fully identify each person involved in the creation of that EBR, all facts supporting the existence of such an EBR, the date(s) on which such EBR was formed, and each person involved in maintaining a log or other record of such EBR.

**RESPONSE:** In addition to the foregoing General Objections, Allscripts specifically objects to this Interrogatory on the grounds that it will be unduly burdensome to list the name, address, and telephone number of the thousands of persons with whom Allscripts maintained an EBR during the Relevant Time Period. Additionally, Allscripts specifically objects to this Interrogatory to the extent it calls for a legal conclusion as to whether an EBR existed with each facsimile recipient during the Relevant Time Period. Subject to, as limited by and without waiving the foregoing General and Specific Objections, Allscripts states that it culled the list of persons and entities who received facsimile transmissions during the Relevant Time Period from Allscripts' "Sales Force" database, which compiles information about all customers with whom

11

Allscripts has an EBR. Answering further, Allscripts states that it will produce documents responsive to this Interrogatory in the course of responding to Plaintiff's First Set of Requests for Production. Investigation continues.

16. Fully identify every person, other than Plaintiff, who has contacted Defendant to communicate a desire not to receive facsimile transmissions.

**RESPONSE**: In addition to the foregoing General Objections, Allscripts specifically objects to this Interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by and without waiving the foregoing General and Specific Objections, during the Relevant Time Period Allscripts had procedures in place to determine which persons had expressed a desire not to receive facsimile transmissions. Investigation continues as to the identities of those persons.

17. Describe in detail how Defendant obtained or developed a list of persons and/or telephone numbers to which telephone calls have been initiated by or on behalf of Defendant that utilized a facsimile transmission identified in Interrogatory 2. Include in your response (1) whether Defendant came into possession of such list in any form, (2) if so, what happened to said list, (3) whether any portion of said list was obtained from a third party, and if so, from whom and what consideration was exchanged in order to obtain any portion of said list, and (4) whether any portion of any such list was generated by a computer using random or sequential numbers.

**RESPONSE**: In addition to the foregoing General Objections, Allscripts specifically objects to this Interrogatory to the extent it seeks information regarding what consideration was exchanged in order to obtain a list, because such information is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Allscripts specifically objects to this Interrogatory as vague and incomprehensible in its current form. Subject to, as limited by and without waiving the foregoing General and Specific Objections, Allscripts incorporates its response to Interrogatory No. 15 as if fully set forth herein in response to Interrogatory No. 17. Investigation continues.

18. If Defendant instructed any person to construct, develop, purchase, or otherwise use a list of persons and/or telephone numbers to send any facsimile transmission identified in Interrogatory 2, describe in detail all directions and/or instructions given to such third party for determining the contents of such a list, including but not limited to 1) the area codes or states to be selected, 2) the SIC codes to be selected, and 3) any other selection or filtering criteria.

**RESPONSE**: Subject to, as limited by and without waiving the foregoing General Objections, Allscripts incorporates its response to Interrogatory No. 15 as if fully set forth herein in response to Interrogatory No. 18. Investigation continues.

19. If any entity other than Defendant operated the equipment used to send any facsimile transmissions identified in Interrogatory No. 2, state the name, address, and telephone number of each such entity, identify how Defendant became aware of each such entity, and describe in detail the contents of all communications between Defendant and each such entity.

**RESPONSE**: In addition to the foregoing General Objections, Allscripts objects to this Interrogatory as overbroad to the extent it asks for all communications, without limitation, between Allscripts and any third-party entity used to send facsimile transmissions during the Relevant Time Period. Subject to, as limited by and without waiving the foregoing General Objections, Allscripts states that it contracted with Westfax to send facsimile transmissions on Allscripts' behalf during the Relevant Time Period. Upon information and belief, Westfax's address is 10465 Park Meadows Center Drive, Lone Tree, Colorado 80124. Westfax's toll-free phone number is 800-473-6208. Answering further, Allscripts states that it will produce documents regarding the business relationship between Allscripts and Westfax in response to Plaintiff's First Set of Requests for Production.

20. Identify each TCPA lawsuit filed against you and state dated filed, county and state where suit was filed and case number.

**RESPONSE**: In addition to the foregoing General Objections, Allscripts specifically objects to this Interrogatory on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by and without waiving the

foregoing General and Specific Objections, Allscripts states that it was a Defendant in a federal TCPA action captioned as *Radha Geismann v. Allscripts Healthcare Solutions, Inc., et al.*, No. 1:09-cv-05114 (N.D. Ill. filed Aug. 20, 2009).

21. Identify each fact witness whom you may call as a witness and state in detail the subject matter of each witness' testimony.

**RESPONSE**: Subject to, as limited by and without waiving the foregoing General Objections, Allscripts states that at this time they have not yet identified which fact witnesses they plan to call at trial. Discovery in this matter does not close until March 28, 2014, and Allscripts reserves the right to identify the fact witnesses they plan to call at trial in accordance with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, and/or any applicable rules or orders of this Court.

22. Identify each opinion witness whom you may call as a witness and state in detail the opinion each witness will provide at trial.

**RESPONSE**: Subject to, as limited by and without waiving the foregoing General Objections, Allscripts states that at this time they have not yet identified which opinion witnesses they plan to call at trial. Discovery in this matter does not close until March 28, 2014, and Allscripts reserves the right to identify the opinion witnesses they plan to call at trial in accordance with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, and/or any applicable rules or orders of this Court.

DATED: August 30, 2013

          Respectfully submitted,

          **SHEPPARD MULLIN RICHTER & HAMPTON LLP**

          By: */s David M. Poell*
                One of Its Attorneys

David S. Almeida ARDC #6285557
dalmeida@sheppardmullin.com
David M. Poell ARDC #6302765
dpoell@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
70 West Madison Street, 48th Floor
Chicago, Illinois 60602
Telephone: (312) 499-6300
Facsimile: (312) 499-6301

*Counsel for Allscripts Healthcare Solutions, Inc.,
Allscripts-Misy's Healthcare Solutions, Inc., and Allscripts, LLC*

15

## VERIFICATION

I, the undersigned, verify that the information provided in Allscripts' Answers to Plaintiff's Interrogatories are true and accurate.

*[signature: Tejal Vakharia]*
Tejal Vakharia
Senior V.P. & Chief Compliance Counsel
Allscripts Healthcare Solutions, Inc.