# EXHIBIT 4

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | No. 12-cv-03233 |
| Plaintiff, | ) ) | Hon. Magistrate Judge Jeffrey Cole |
| v. | ) ) | |
| ALLSCRIPTS HEALTHCARE SOLUTIONS, INC. and ALLSCRIPTS HEALTHCARE, LLC | ) ) ) ) | |
| Defendants. | ) | |

## FIRST AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO EACH DEFENDANT

Allscripts Healthcare Solutions, Inc. and Allscripts Healthcare, LLC (collectively, "Allscripts"), pursuant to Fed. R. Civ. P. 26(e), 33 and other applicable laws, hereby submit this First Amended and Supplemental Objections and Responses to Plaintiff Physician Healthsource, Inc.'s ("Plaintiff" or "PHI") First Set of Interrogatories Directed to Each Defendant.

The supplemental and amended answers to Interrogatory Nos. 3, 6, 9, 14, 15, 17, and 18 that are provided below are based on Allscripts' further investigation to-date (including discovery obtained from Plaintiff) and supersede the answers to Interrogatory Nos. 3, 6, 9, 14, 15, 17, and 18 that previously were provided in Allscripts' Objections and Responses to Plaintiff's First Set of Interrogatories Directed to Each Defendant.

Allscripts submits these supplemental objections and responses without conceding the

relevancy or materiality of the subject matter of any Interrogatory. These objections and responses shall be without prejudice to Allscripts' right to object to the relevance, admissibility, or use of any information and documents provided in these answers in any subsequent proceeding in, or the trial of, this or any other action. Allscripts responds to these Interrogatories based on its knowledge as of the date hereof and after a reasonable inquiry. Allscripts reserves the right to further supplement and amend its answers on the basis of any additional information obtained during its investigation.

## GENERAL OBJECTIONS

Allscripts incorporates by reference each and every General Objection set forth in its Objections and Responses to Plaintiff's First Set of Interrogatories Directed to Each Defendant. In addition, Allscripts asserts the following General Objections:

1.     Allscripts objects to the Interrogatories, individually and generally, to the extent that they contain words and phrases, including but not limited to "sent," that are vague, ambiguous, confusing, excessively broad and inclusive, and/or undefined and therefore are difficult or impossible to understand.

2.     Allscripts objects to the Interrogatories to the extent that they assume the truth of any disputed allegations in Plaintiff's First Amended Class Action Complaint ("Complaint"). Any Response to any Interrogatory is not an admission or acknowledgment by Allscripts that any allegations in the Complaint are true.

3.     Allscripts objects to the Interrogatories to the extent that they are based upon facts not in evidence or facts that are otherwise incorrect. For example, and without limitation, Plaintiff refers to the pages attached to the Complaint as "faxes," when in many cases there is no indicia that the page was sent or received via facsimile.

4.      Allscripts, by answering any particular Interrogatory, does not waive the right to assert that any page attached as part of Group Exhibit B to the Complaint ("Ex. B"), to the extent it was actually faxed, was informational in nature.  Allscripts expressly reserves the right to object to Plaintiff's claims that the content within all of the documents attached as Ex. B is "commercial," as that term is defined under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq.* (West 2013) ("TCPA").

5.      Allscripts objects to the Interrogatories to the extent that they purport to allege or imply that Allscripts lacked advance permission and/or prior "express invitation or permission," as that phrase is defined under the TCPA, to send via facsimile any of the pages attached to the Complaint as Group Exhibit B to Plaintiff.  In particular, Allscripts directs Plaintiff and the Court to the deposition of Gearline Monhollen, who admitted that she, as office manager for Plaintiff, gave permission to companies to send information by fax to Plaintiff when Monhollen thought Plaintiff might be "interested in what they were selling" (*see*, *e.g.*, Monhollen Dep. 117:7-117:25), as well as other relevant testimony, documents and information that indicate Allscripts obtained permission to send unsolicited facsimile advertisements to PHI.

6.      Allscripts objects to the Interrogatories to the extent that they assume or purport to allege that Allscripts sent or Plaintiff received all or any of the pages attached to the Complaint as Ex. B, including because not all of the pages appear on the fax logs produced by Plaintiff and there is no transmission data that conclusively establishes Allscripts transmitted one or more of the pages attached as Group Exhibit B to Plaintiff or anyone else.

7.      Allscripts objects to the Interrogatories to the extent that they assume or purport to allege that Plaintiff received all or any of the pages attached to the Complaint as Group Ex. B, including because not all of the pages contain a header with Plaintiff's name, account number, or

fax number, and therefore these pages contain no indicia of having been transmitted to or received by Plaintiff.

8.      Allscripts objects to the Interrogatories to the extent that Plaintiff contends that its own receipt of one or more of the pages attached to the Complaint as Group Ex. B is in any way relevant to whether (1) any other member of the proposed class received such pages via facsimile or (2) the requirements of Fed. R. Civ. P. 23 and Constitutional due process are or can possibly be met in this case.

### SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 3

State whether any facsimile transmission identified in Interrogatory 2 were sent to the telephone number 513-922-2009 during the Relevant Time Period and state the dates such transmissions were sent.

**RESPONSE:** Allscripts incorporates its General Objections as though fully set forth herein. Allscripts further incorporates its objections to Interrogatory No. 2 as and for further objections to Interrogatory No. 3. Allscripts further objects on the grounds that facial review of each purported facsimile attached as Group Exhibit B to the Complaint is not sufficient to show whether that page is actually a "facsimile" which was sent at the purported time and date appearing in the header of the page.

Subject to and without waiving the foregoing objections, Allscripts states as follows: (1) based on its investigation to date, it appears facsimile transmissions were sent to the telephone number 513-922-2009 on or about December 1, 2011, and December 5, 2011. These transmissions may be the facsimiles in Group Exhibit B date-stamped Dec. 01 2011 and Dec. 05 2011 bearing the as-filed PageIDs of 582 and 583, respectively, although there is no way to conclusively confirm this; (2) Allscripts lacks information or knowledge sufficient to

conclusively determine whether it sent any other facsimile transmissions to the number 513-922-2009 between July 9, 2008 and December 5, 2011, but investigation continues; and (3) Allscripts affirmatively states it was Allscripts' policy and practice to obtain prior express invitation or permission from entities and persons prior to sending facsimile advertisements, obviously did so with respect to PHI, and excluded clients who opted out of receiving facsimiles or inactive clients. *See, e.g.*, ALLSCRIPTS000861; ALLSCRIPTS021967; ALLSCRIPTS001652; ALLSCRIPTS022239-41; ALLSCRIPTS021406-021477; ALLSCRIPTS021405; ALLSCRIPTS021508-021520; ALLSCRIPTS021540-021557; ALLSCRIPTS021482-021492;ALLSCRIPTS021558-021568; Deposition of John Ruch, D.C. at 95:1-112:5.

### INTERROGATORY NO. 6

If Defendant contends an "Established Business Relationship" ("EBR") existed between Defendant and Plaintiff (or any other person Defendant believes was associated with telephone number 513-922-2009) at the time of any facsimile transmissions sent to telephone number 513-922-2009, then fully identify each person involved in the creation of the EBR, all facts supporting the existence of such an EBR, the date(s) on which such EBR was formed, and each person involved in maintaining a log or other record of such EBR.

**RESPONSE:** Allscripts incorporates its General Objections as though fully set forth herein. Allscripts further objects to Interrogatory No. 6 as overbroad, unduly burdensome, and seeking information equally in plaintiff's possession, custody, or control. Allscripts further objects on the grounds that it asks for a legal conclusion as to whether an "Established Business Relationship" existed, as that term is defined and understood under the TCPA and its implementing regulations.

Subject to and without waiving the foregoing objections, Allscripts states that documents produced and testimony elicited during the course of discovery demonstrate that PHI did transact business with Allscripts during the relevant time period. *See, e.g.*, ALLSCRIPTS00018-00035;

ALLSCRIPTS021321-021863; ALLSCRIPTS022210-022257; Deposition of John Ruch, D.C.; Deposition of Jeffrey Elwert, D.C.; Deposition of Gearline Monhollen. Answering further, Allscripts states as follows: (1) during the relevant time period, Allscripts' strategy included trying to expand its relationships with current customers and therefore, considered them "prospects" for purposes of cross-selling initiatives; (2) PHI (and other members of PHI's proposed class) affirmatively reached out to Allscripts to request information regarding the availability of goods and services from Allscripts they may not currently have been purchasing from Allscripts, including, *inter alia*, certain supplies and/or the electronic health record (EHR) (mandated by the federal government), and specifically agreed to receive information of a commercial nature via facsimile; and (3) it was Allscripts' policy and practice to obtain prior express invitation or permission from entities and persons prior to sending facsimiles of any kind, including without limitation facsimiles of a "commercial" nature, as that term is defined under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq.* (West 2013) ("TCPA").

**INTERROGATORY NO. 9**

Fully identify each and every person who participated in Defendants' decision to send facsimile transmissions identified in Interrogatory 2, and state the extent and substance of each such person's participation therein.

**RESPONSE:** Allscripts incorporates its General Objections as though fully set forth herein. Allscripts further objects to Interrogatory No. 9 as overbroad, unduly burdensome, and seeking information equally in plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing objections, and pursuant to Rule 33(d), Allscripts, without limitation, refers Plaintiff to the following documents: ALLSCRIPTS021406-021477, 021405, 021508-021520, 021540-021557, 021482-021492, 021558-021568, and further

states that one or more individuals working in inside sales, forms and supplies, outside sales, and

the marketing departments may have sent one or more facsimile communications to Plaintiff, and

it was Allscripts' policy and practice to obtain prior express invitation or permission from

entities and persons prior to sending facsimiles, including without limitation facsimiles of a

"commercial" nature, as that term is defined under the Telephone Consumer Protection Act of

1991, 47 U.S.C. § 227 *et seq.* (West 2013) ("TCPA").

### INTERROGATORY NO. 14

If any person other than Defendant operated any device used to send any facsimile transmissions identified in Interrogatory No. 2 during the Relevant Time Period, for each such person state 1) the number of occasions each person engaged in such transmissions, and 2) for each such occasion, state the number of individual facsimile transmissions sent by that person. If Defendant does not know the actual number of individual transmissions sent for any occasion, state the number of transmissions requested and/or expected to be sent on that occasion and the source of such information.

**RESPONSE:** Allscripts incorporates its General Objections as though fully set forth

herein. Subject to and without waiving the foregoing objections, Allscripts states as follows:

(1) transmissions were sent to facsimile number 513-922-2009 on or about December 1, 2011,

and December 5, 2011. Those same transmissions (the identity of which are not affirmatively

known) were apparently successfully sent to approximately 986 other facsimile numbers; (2)

Allscripts has produced Westfax summary invoices in this lawsuit, but those invoices are

insufficient to determine whether and what facsimile transmissions were sent, including to

whom (given that, *inter alia*, the invoices do not identify the facsimile numbers or the specific

facsimile(s) sent); (3) any transmission data created in connection with the sending of a

particular facsimile was stored in the WestFax portal, and in order to obtain a copy, one would

be required to affirmatively download it; (4) the facsimile numbers to whom facsimiles were

sent were derived from Allscripts' Salesforce database after having been voluntarily provided

to Allscripts, and it was Allscripts' policy and practice to obtain prior express invitation or permission from entities and persons prior to sending facsimiles of any kind, including without limitation facsimiles of a "commercial" nature, as that term is defined under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq.* (West 2013) ("TCPA").

### INTERROGATORY NO. 15

Identify the name, address, and telephone number of each person, other than Plaintiff, with whom Defendant contends an EBR existed between Defendant and such person at the time of any facsimile transmissions sent to that person, and fully identify each person involved in the creation of that EBR, all facts supporting the existence of such an EBR, the date(s) on which such EBR was formed, and each person involved in maintaining a log or other record of such EBR.

**RESPONSE:** Allscripts incorporates its General Objections as though fully set forth herein. Allscripts further objects to Interrogatory No. 15 as overbroad, unduly burdensome and seeking information neither relevant to the claim or defense of any party nor likely to lead to the discovery of relevant evidence. Allscripts further objects to Interrogatory No. 15 as seeking proprietary, competitively sensitive and confidential information of third parties which Allscripts is under a duty not to disclose.

Subject to and without waiving the foregoing objections, Allscripts states as follows: (1) Allscripts maintains a list of its customers and sales contacts in its Salesforce database, which includes facsimile numbers voluntarily provided by customers (including PHI) for the purpose of sending and receiving facsimiles; (2) during the relevant time period, Allscripts' strategy included trying to expand its relationships with current customers and therefore, considered them "prospects" for purposes of cross-selling initiatives; (3) PHI (and other members of PHI's proposed class) affirmatively reached out to Allscripts to request information regarding the availability of goods and services from Allscripts they may not currently have been purchasing from Allscripts, including, *inter alia*, certain supplies and/or

the electronic health record (EHR) (mandated by the federal government), and specifically

agreed to receive information of a commercial nature via facsimile; and (4) it was Allscripts'

policy and practice to obtain prior express invitation or permission from entities and persons

prior to sending facsimiles of any kind, including without limitation facsimiles of a

"commercial" nature, as that term is defined under the Telephone Consumer Protection Act of

1991, 47 U.S.C. § 227 *et seq.* (West 2013) ("TCPA").

### INTERROGATORY NO. 17

Describe in detail how Defendant obtained or developed a list of persons and/or
telephone numbers to which telephone calls have been initiated by or on behalf of Defendant that
utilized a facsimile transmission identified in Interrogatory 2. Include in your response (1)
whether Defendant came into possession of such list in any form, (2) if so, what happened to said
list, (3) whether any portion of said list was obtained from a third party, and if so, from whom
and what consideration was exchanged in order to obtain any portion of said list, and (4) whether
any portion of any such list was generated by a computer using random or sequential numbers.

**RESPONSE:** Allscripts incorporates its General Objections as though fully set forth

herein. Allscripts further objects to this Interrogatory as vague, ambiguous, and

incomprehensible. Allscripts reasonably construes this Interrogatory to be asking how

Allscripts determined to whom to send facsimile communications. Subject to and without

waiving the foregoing objections, Allscripts incorporates its response to Interrogatory Nos. 3

and 15 as and for its response to Interrogatory No. 17.

### INTERROGATORY NO. 18

If Defendant instructed any person to construct, develop, purchase, or otherwise use a list
of persons and/or telephone numbers to send any facsimile transmission identified in
Interrogatory 2, describe in detail all directions and/or instructions given to such third party for
determining the contents of such a list, including but not limited to 1) the area codes or states to
be selected, 2) the SIC codes to be selected, and 3) any other selection or filtering criteria.

**RESPONSE:** Allscripts incorporates its General Objections as though fully set forth

herein. Allscripts further objects to this Interrogatory as vague, ambiguous, and

incomprehensible. Allscripts reasonably construes this Interrogatory to be seeking information concerning how Allscripts determined to whom to send facsimile communications and the process by which that was accomplished.

Subject to and without waiving the foregoing objections, Allscripts incorporates its response to Interrogatory Nos. 3 and 15 as and for its response to Interrogatory No. 17, and further states that, to the extent Allscripts sent facsimile communications, it uploaded a fax template and list of telephone facsimile numbers, developed as explained in Allscripts' answers to Interrogatory Nos. 15 and 17, to a portal hosted by Westfax after Allscripts obtained prior express invitation or permission from the entities and persons to whom the facsimiles were sent.

Dated: November 23, 2015                    Respectfully submitted,

                                            By: /s/ Livia M. Kiser
                                            **SIDLEY AUSTIN LLP**
                                            Livia M. Kiser
                                            lkiser@sidley.com
                                            Lawrence P. Fogel
                                            lawrence.fogel@sidley.com
                                            Andrew J. Chinsky
                                            achinsky@sidley.com
                                            One South Dearborn
                                            Chicago, Illinois 60603
                                            (t): (312) 853-7247
                                            (f): (312) 853-7036

                                            *Counsel for Allscripts Healthcare, LLC and*
                                            *Allscripts Healthcare Solutions, Inc.*

## **VERIFICATION**

I, Brian Moffett, hereby declare and state as follows:

     1.     I have read Allscripts' First Amended and Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories Directed to Each Defendant and know the contents thereof.

     2.     Allscripts' First Amended and Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories Directed to Each Defendant were prepared with the assistance and advice of counsel upon which I relied.

     3.     Allscripts' First Amended and Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories Directed to Each Defendant are true to the best of my knowledge, information, and belief.

Executed on this 3rd day of December 2015.

Brian Moffett