UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., individually and as the representative of a class of similarly-situated persons, | ) ) ) ) |
| Plaintiff, | ) No. 12-cv-03233 |
| v. | ) ) Magistrate Judge Cole |
| ALLSCRIPTS-MISY'S HEALTHCARE SOLUTIONS, INC., ALLSCRIPTS, LLC, ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., and ALLSCRIPTS HEALTHCARE, LLC | ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO STRIKE**

Plaintiff, Physicians Healthsource, Inc. ("Plaintiff" or "PHI"), submits this Memorandum of Law in Support of its Motion to Strike.

**Introduction**

In support of its response in opposition to Plaintiff's amended/corrected motion for class certification (Doc. 215), Allscripts submits declarations from "numerous 'absent' proposed class members identified" from the three fax transmission logs (referred to by Allscripts as "BFX Report") for Class B who "swear that they too consented to receive fax ads from Allscripts." (Opp. at 20; Gr. Ex. BB) ("Allscripts Declarations"). These declarants, and the dates they signed their declarations, are as follows: David W. Carlton (May 9, 2016), Family Health Clinic (Edwin Bonilla) (May 25, 2016), Family Medical Group (Dr. Michael Booker) (May 31, 2016), Family Health Clinic (Chris Granger) (May 25, 2016), Craig Gillispie (March 29, 2016), Grand Island Clinic, Inc. (Patricia A. Enck) (May 27, 2016), Ann Horsely (May 25, 2016), Island Family

Medicine (Jonathon Sack, M.D.) (May 30, 2016), Oconee Family Practice (Sherryl Earhart) (May 31, 2016). (Opp., Doc. 215-29, Page ID 4834-4851).[1]

In addition, Allscripts has also submitted declarations from putative class members in *Physicians Healthsource, Inc. v. A-S Medications* ("*A-S Medications*"), 12-cv-05105 (N.D. Ill.), a case currently pending before Judge Gottschall, wherein 4 of 5 declarants (Lindsey Williams, Jeannine Oliver, Victoria Smith, Cathy Bolt Jones), state they (the entities they work for) consented to receiving faxes from Allscripts. (Opp. at 20, Gr. Ex. CC; Doc. 215-30, Page ID 4853-63). A fifth declarant, Debra Lucas, does not "specifically recall giving Allscripts or A-S permission to send [] fax advertisements . . ." (Doc. 215-30, Page ID 4863, ¶ 5). Allscripts states the *A-S Medications* Declarants are "possible putative class members" who also consented to receive fax ads from Allscripts. (Opp. at 20).[2]

Fact discovery in this case closed on December 1, 2015. (Doc. 189). Allscripts did not disclose any of these declarants in their original or supplemental Rule 26(a) disclosures, attached as Exhibits 1 and 2, or in their responses and supplemental responses to Plaintiff's first set of interrogatories, attached as Exhibits 3 and 4. Instead, Allscripts waited until it filed its opposition

---

[1] Allscripts also did not disclose Judi Desorcie until the filing of its opposition to class certification and motion for summary judgment. Ms. Desorcie's Declaration is attached as Exhibit F to Allscripts' opposition to class certification (Doc. 215-7), and as Exhibit 18 to Allscripts' statement of material facts in support of its motion for summary judgment (Doc. 214-19). Ms. Desorcie's Declaration spans 6 pages and 19 paragraphs, wherein she is purports to compare Salesforce database records to fax transmission logs, explain the Salesforce database, and in so doing relies on records that have not been produced (namely, Allscripts' Salesforce database records). With its filing in opposition to Allscripts' motion for summary judgment, due July 21, 2016, Plaintiff intends to file a motion to strike Ms. Desorcie's Declaration, and will seek to bar her participation in this case, bar all references to her Declaration in Allscripts' opposition to class certification and Allscripts' motion for summary judgment, and bar any records and data not previously produced upon which she relies in her Declaration.

[2] Plaintiff in *A-S Medications* has currently pending a request that the declarations in that case (relied upon by Allscripts here) be barred pursuant to Fed. R. Civ. P. 26(a)(1), 26(e), and 37(c)(1). (See *A-S Medications*, ECF # 175, Page ID 3531).

to class certification on May 31, 2016, to disclose these witnesses. The remedy for Allscripts' violation of Rules 26(a)(1) and 26(e) is automatic and mandatory -- pursuant to Rule 37(c)(1), the Declarations of these undisclosed witnesses must be stricken, and the portions of Allscripts' response to Plaintiff's motion for class certification that relies on these Declarations must also be stricken.

## Argument

I. **The Federal Rules require timely disclosure of witnesses, relevant documents, and relevant information; failure to do requires that untimely discovery be stricken.**

Rule 26(a)(1)(A) requires a party to provide other parties with "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment," and "a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i and ii). Further, Rule 26(e) provides that a party "must" supplement or correct its disclosures and discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R, Civ. P. 26(e)(1)(A). "The duty to supplement discovery requests lingers on without solicitation by the requesting party." *Allen v. Bake-Line Prods., Inc.*, 2001 WL 883693, at *1 (N.D. Ill. Aug. 6, 2001).

Rule 37(c)(1) provides: "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply

3

evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.[3] Thus, under Rule 37(c)(1), a court <u>must</u> exclude evidence provided by a witness that the party did not disclose during discovery, if the failure to disclose is without substantial justification and is not harmless. *Neuma, Inc. v. Wells Fargo & Co.*, 515 F. Supp.2d 825, 838 (N.D. Ill. 2006) (citing *In re Thomas Consol. Indus., Inc.*, 456 F.3d 719, 726 (7th Cir. 2006); *Musser v. Gentiva Health Serv.*, 356 F.3d 751, 758 (7th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless."). Defendants bear the burden of showing their belated disclosure will not prejudice Plaintiffs. *Finwall v. City of Chicago*, 239 F.R.D. 504, 506 (N.D. Ill. Aug. 10, 2006).

**II.     The Allscripts Declarations and the A-S Declarations must be stricken, and those portions of Allscripts' opposition to Plaintiff's motions for class certification must also be stricken.**

   **A.     Allscripts has no substantial justification for their untimely disclosures.**

There is simply no substantial justification as to Allscripts' failure to disclose the Allscripts' Declarants. Per Allscripts' own admission, it located these witnesses in the BFX Reports for Class B. Thus, Allscripts should have scoured the BFX Reports for declarants long ago as they have always had these BFX Reports. They didn't. In short, there is no substantial justification under Rule 37(c)(1).

Allscripts' submission of the A-S Declarations is equally unjustified. That Allscripts obtained these Declarations from another case does not somehow extend the discovery cutoff date. There is no substantial justification under Rule 37(c)(1) for the untimely disclosure of the A-S

---

[3] Rule 37(c)(1) also provides that "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1)(A-C).

4

Declarations either.

### B. Plaintiffs are substantially harmed by Allscripts' untimely disclosures.

The Seventh Circuit has identified the following relevant factors to use when evaluating whether a failure to disclose was harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Beauchamp v. City of Dixon*, 2014 WL 901437, at *4 (N.D. Ill. Mar.7, 2014) (citing *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012)).

Here, Plaintiff is substantially and irreparably prejudiced by Allscripts' failure to disclose these Declarants, and there is no ability to cure that prejudice. Although Allscripts relies on these Declarations in an attempt to demonstrate it had a "practice" of obtaining prior express permission prior to "faxing," rely substantially on the Declarations of these undisclosed witnesses and the j2 Canada documents to support their motions for summary judgment, Plaintiff cannot depose these witnesses nor can Plaintiff pursue other witnesses or records or other evidentiary avenues that may have been disclosed during such depositions due to Allscripts' failure to disclose. It is fundamentally unfair for Allscripts to base a response to class certification on evidence they withheld from discovery, and that is exactly what Allscripts seeks to do here. Moreover, although there is no trial date set, "[l]ate disclosure is not harmless within the meaning of Rule 37 simply because there is time to reopen discovery." *RBS Citizens v. Husain,* 291 F.R.D.209, 215 (N.D. Ill. 2013) (*quoting Finwall v. City of Chicago*, 239 F.R.D. 494, 501 (N.D. Ill. 2006).

Finally, as to bad faith/willfulness, it appears Allscripts has violated the Agreed Protective Order ("Protective Order") (Doc. 70) entered in this case. The BFX Reports have been designated "Confidential Information" pursuant to the Protective Order. In addition, the Protective Order specifically provides that "[i]n a putative class action, Confidential Information may be disclosed

5

only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified." (Doc. 70, Page ID 452-53, ¶ 5A). As stated, Allscripts admits the Allscripts Declarants were identified through the BFX Reports for Class B. (Opp. at 20). The targets and fax numbers on the BFX Reports is confidential information, as is whether the fax transmission was successful or not, per Allscripts' own "Confidential Information" designation. Moreover, as a class has yet to be certified, contact with putative class members is prohibited. (Doc. 70, Page ID 452-53, ¶ 5A).

Equally troublesome (and putting to one side whether Allscripts violated the Protective Order), is that it is unstated in the Allscripts Declarations as to whether the Declarants and the entities they represent were advised by Allscripts that they could be a member of the putative class in the instant case, and that their interests could be adverse to Allscripts (in contrast to the A-S Declarations, which did have this language, see Doc. 215-20, Page ID 4854-63). The Court has "both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). That includes the duty and authority to invalidate or exclude evidence obtained using abusive tactics. *See Piekarski v. Amedisys Ill., LLC*, 4 F. Supp. 3d 952, 956 (N.D. Ill. 2013) (invalidating arbitration agreement sent to putative class members via misleading email). In short, for this reason as well, the "Allscripts declarations" should be barred, and the Court should enter an order precluding Allscripts from communicating with any other putative class members.

## Conclusion

In sum, Allscripts' conduct is unexplainable, grossly prejudicial and fundamentally unfair. As the authorities cited herein make clear, the remedy for Allscripts' violation of Rules 26(a)(1) and 26(e) is automatic and mandatory. Pursuant to Rule 37(c)(1), Plaintiff requests that the Court

enter an order (i) striking the Allscripts and A-S Medications Declarations, (ii) striking portions of Allscripts' Opposition to Plaintiff's Motion for Class Certification that relies upon the Allscripts and A-S Medications Declarations, and (iii) reserving ruling on the motion to strike the Declaration of Judi Desorcie, to be filed in opposition to Allscripts' Motion for Summary Judgment.

Date: July 14, 2016

Respectfully submitted,

PHYSICIANS HEALTHSOURCE, INC., individually and as the representatives of a class of similarly-situated persons

s/ Ryan M. Kelly
   Ryan M. Kelly

Brian J. Wanca
Ryan M. Kelly
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone:  847-368-1500

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL  60602
Telephone:  312-658-1500

George D. Jonson
Matthew Stubbs
MONTGOMERY, RENNIE & JONSON
36 East Seventh Street, Suite 2100
Cincinnati, Ohio 45202
Telephone:  513-241-4722

Max G. Margulis
MARGULIS LAW GROUP
28 Old Belle Monte Road
Chesterfield, MO  63017
Telephone:  636-536-7022

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 15, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

                                                    /s/ Ryan M. Kelly