**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons,** | ) | |
| **Plaintiffs,** | ) | **No. 12 C 3233** |
| **v.** | ) | **Magistrate Judge Jeffrey Cole** |
| **ALLSCRIPTS HEALTH SOLUTIONS, INC. and ALLSCRIPTS HEALTHCARE LLC,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff has asked that judicial notice be taken of a March 2, 2017 AAA Interim Arbitration Award, which found that Allscripts' claims were "barred by their respective statutes of limitations," that Allscripts was not entitled to a fee award, and that Physicians Healthsource is entitled to recover its reasonable costs incurred in the arbitration, including attorneys' fees. [Dkt. #291, ¶¶4-6]. The Motion for Judicial Notice assures us that it is not offered "for the purpose of establishing the truth of matters asserted in the arbitration," which, it wisely concedes, would be improper. [Dkt. #291 at ¶3]. In *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074 (7th Cir. 1997), the Seventh Circuit put it this way:

> To protect against improper reliance on facts from prior proceedings, some appellate decisions have refused to allow a court to take judicial notice of any adjudicative fact in a court record for the truth of the matter asserted. *See United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir.1994); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2nd Cir.1992) (holding that a "court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings' "). We agree that courts generally cannot take notice of findings of fact from other proceedings for the truth asserted therein because these findings are disputable and

usually are disputed.

128 F.3d at 1082 (parentheses in original).[1]

The plaintiff's motion insists that it is brought merely "to establish the fact of such litigation and related filings" – whatever the latter phrase may mean. [Dkt. #291 at 3]. From the Arbitrator's conclusion that Physicians Healthsource was the prevailing party and that Allscripts must pay Physicians Healthsource's legal fees, the motion reasons that the "factual predicate" underlying Allscripts' argument here that Physicians Healthsource cannot be an adequate representative of the class in this case due to the threat of a judgment or award of attorneys' fees in favor of Allscripts in the arbitration has thus been "erased." [Dkt. #291 at ¶8]. The alleged "factual predicate" is vigorously disputed by Allscripts.

The Motion for Judicial Notice implicitly recognizes that all evidence – including that governed by Rule 201, Federal Rules of Evidence – must bear a relationship to some consequential fact in the case. In other words, the information sought to be noticed must be relevant within the meaning of Rule 401, Federal Rules of Evidence. Rule 401 defines relevancy as evidence having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Relevance under Rule 401 is a necessary requirement of *all* evidence, no matter its source or when in the litigation it is

---

[1] *See also Brody v. Hankin,* 145 Fed.Appx. 768, 772-73 (3rd Cir. 2005); *Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd*., 181 F.3d 410, 426 (3rd Cir. 1999); *Beaton v. Metro. Trans.Auth. N.Y. City Transit*, 2016 WL 3387301, at *4 (S.D.N.Y. 2016); *Henneberger v. Cty. of Nassau*, 465 F. Supp. 2d 176, 185 (E.D.N.Y. 2006); *Chew v. City of San Francisco,* 2016 WL 631924, at *1 (N.D. Cal. 2016)("'[A] court may not take judicial notice of proceedings or records in another case so as to supply, without formal introduction of evidence, facts essential to support a contention in a case then before it'"); *Fukaya Trading Co., S. A. v. E. Marine Corp*., 322 F. Supp. 278, 282 (E.D. La. 1971)(courts should not take judicial notice of a fact which is the subject of dispute in arbitration). *Compare Charles Schwab & Co. v. Retrophin, Inc*., 2015 WL 5729498, at *7 (S.D.N.Y. 2015)(proper to take judicial notice of an arbitration award to determine, on a motion to dismiss, whether *res judicata* applied).

sought to be used. *See Ambrose v. Roeckeman*, 749 F.3d 615, 621 (7th Cir. 2014);*United States v. Rogers*, 587 F.3d 816, 821 (7th Cir. 2009)("Relevance, in short, is necessary, but not sufficient, for admissibility."); *Horina v. City of Granite City, Ill.*, 538 F.3d 624, 634 (7th Cir. 2008); *United States v. Liporace*, 133 F.3d 541, 544 (7th Cir. 1998); *Edmonds v. United States*, 2009 WL 969938, at *1 (D.D.C. 2009). *See also United States v. Bailey*, 696 F.3d 794, 800 n. 8 (9th Cir. 2012) (emphasis supplied)("other-acts evidence, *like all evidence*, must be relevant...."); *Sera v. Norris*, 400 F.3d 538, 547, n.9 (8th Cir. 2005)("all evidence must be relevant...to be admitted."); *Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co.*, 161 F.3d 77, 81 (1st Cir. 1998); Rogers, 587 F.3d at 821 ("Relevance, in short, is necessary, but not sufficient, for admissibility."); *Minemyer v. R-BOC Representatives, Inc.*, 678 F.Supp.2d 691, 709-10 (N.D.Ill. 2009)(a non-hearsay use of a statement while not violating Rule 801, will nonetheless be inadmissible unless the non-hearsay use is relevant under Rule 401). The principle, of course, is equally applicable to requests for judicial notice. *Cf. Rouse v. Connor*, 2012 WL 2589240 (N.D.Cal. 2012)(a "request for judicial notice of facts that are not relevant to the question at issue" should be denied).

Since Rule 201 is a constituent part of the Federal Rules of Evidence, it would be odd if the concept of relevance under Rule 401, which permeates all of the Rules, was not equally applicable to Rule 201. Neither Rule 201 nor any other Rule of Evidence is an exception to the requirement that all evidence be relevant or it is excluded. Rule 402.[2]

---

[2] One court has held that "[a]lthough the Rules of Evidence do not expressly require a fact to be relevant for it to be judicially noticed, an irrelevant fact is one not of consequence in determining the action, see Fed. R. Evidence. 401(b), and *therefore* cannot be classified as an adjudicative fact." *Blye v. California Supreme Court*, 2014 WL 295022, at *1 (N.D. Cal. 2014)(emphasis supplied). There is another and perhaps more accurate way to look at the issue, while still arriving at the same result. Rule 201(b) defines an "adjudicative fact" as one that is not subject to reasonable dispute. That the Supreme Court is in Washington, DC is undeniably an adjudicative fact within the meaning of the Rule. Yet, it would be irrelevant in this or

continue...

"Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." Advisory Committee's Notes on Fed. Rule Evidence 401; *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387–88 (2008); *United States v. Mazzanti,* 888 F.2d 1165, 1169 (7th Cir.1989), *cert. denied*, 495 U.S. 930 (1990); *United States v. Westbrook,* 125 F.3d 996, 1007–08 (7th Cir. 1997). The question is not whether the disputed evidence has great probative weight, but whether it has any. *United States v. Marks,* 816 F.2d 1207, 1211 (7th Cir.1987). Or as Dean McCormick aptly phrased it, evidence need only be a "brick, not a wall." *United States v. Pollard,* 790 F.2d 1309, 1312 (7th Cir.1986).

Thus, a judge in a case like the present one could not take judicial notice of an arbitration decision in an antitrust or patent case simply because Rule 201's definition of adjudicative facts might be satisfied. Stephen Hawking would be a splendid witness under Rules 702 and 703 in a case involving physics, but could not provide admissible testimony in a medical malpractice case because his testimony would not help the trier of fact understand the evidence or determine a fact in issue. *See* Rules 401, 402 and 702(a) and (d). In other words, his testimony would not be relevant. So too here. There must be a showing that the arbitration ruling has some significance in this case. Otherwise the ruling is irrelevant and should not be judicially noticed. *Rouse v. Connor*, 2012 WL 2589240. The point is basic, and it is, in effect, one that is recognized by the parties, although implicitly and without discussion.

---

[2]...continue
in the *Blye* case, and thus inadmissible. It would not, however, cease to be an "adjudicative fact" under Rule 201(b) because it was irrelevant under Rule 401 and thus inadmissible under Rule 402. Similarly, an arbitration decision can be irrelevant in a given case and thus not judicially noticeable. In short, that Rule 401 is not expressly a part of Rule 201 is meaningless.

Whether judicial notice should be taken is a matter of discretion. *General Elec. Capital Corp.*, 128 F.3d at 1082–83, reviewable for abuse. *Waid v. Merrill Area Pub. Sch.*, 130 F.3d 1268, 1272 (7th Cir. 1997); *York v. American Telephone & Telegraph Co.*, 95 F.3d 948, 958 (10th Cir.1996); *Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458 (9th Cir.1995); *Beaton v. Metro. Transportation Auth. N.Y. City Transit*, 2016 WL 3387301, at *4 (S.D.N.Y. 2016).[3] It is an abuse of discretion to take judicial notice of an arbitration opinion for the truth of the facts asserted in it, and a court is not bound by the Arbitrator's factual conclusions. *See Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2nd Cir.2006); *Henneberger v. Cty. of Nassau*, 465 F. Supp. 2d 176, 185 (E.D.N.Y. 2006); *Edo Reconnaissance & Surveillance Sys., Inc. v. Phoenix Logistics, Inc*., 2006 WL 2038058, at *3 (N.D. Cal. 2006).“‘[A] court may not take judicial notice of proceedings or records in another case so as to supply, without formal introduction of evidence, facts essential to support a contention in a case then before it.’” *M/V Am. Queen v. San Diego Marine Constr. Corp*., 708 F.2d 1483, 1491 (9th Cir.1983); *Kay v. Haack*, 2014 WL 4220917, at *7 (D. Or. 2014).

If the “factual predicate” of Allscripts' claim of inadequacy is accurate, all that would be important would be the Arbitrator's holding – whether right or wrong – as the Motion, in effect, acknowledges. However, the Response Brief denies that the “factual predicate” for Physicians Healthsource's claim of inadequacy is the outcome of the arbitration. The motion also claims that the “findings made by the Arbitrator directly contradict sworn statements by PHI before [me],” and that “this is part and parcel of an ongoing pattern of behavior that PHI and its counsel” which they

[3] The text of Rule 201 underscores the discretionary nature of a court's power. Rule 201(b) is entitled “Kinds of Facts That *May* Be Judicially Noticed” (emphasis supplied) and states that the court “*may* judicially notice a fact that is not subject to reasonable dispute....” (Emphasis supplied). Rule 201(c)(1) provides that a court may “take judicial notice on its own,” while Rule 201(c)(2) provides when a court “*must* take judicial notice....” (Emphasis supplied).

"have exhibited throughout this litigation." *Id.*

In light of the parties' dispute over the "factual predicate" for the claim of inadequacy, the arbitration decision is relevant to this case only through further explication, and thus, it could be argued, may not now be a fit subject for the exercise of discretion to take judicial notice. "[A] request for judicial notice is not a proper vehicle for legal argument." *Blye v. California Supreme Court*, 2014 WL 295022, at *2 (N.D. Cal. 2014). *Accord Baltazar v. Sea World Parks & Entm't LLC*, 2017 WL 1035777, at *6 (S.D. Cal. 2017). But Allscripts says it has no objection to the granting of Physicians Healthsource's Motion, although it simultaneously argues that "the factual predicate" for Allscript's claim of inadequacy is not "erased" by the arbitration. If that be true, the arbitration holding is irrelevant.

But, as we have said, Allscripts does not object to the Motion, and thus judicial notice will be taken of the Arbitrator's ruling. What effect, if any, the Arbitrator's decision may have in this case remains to be seen. Judicial notice will not be taken of the correctness or incorrectness of any disputed fact found by the Arbitrator, and nothing in this Opinion should be construed as indicating any opinion one way or the other on the issues before the Arbitrator.

**ENTERED:**________________________________
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 3/23/17