IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons,<br><br>      Plaintiff,<br><br>  v.<br><br>ALLSCRIPTS HEALTHCARE SOLUTIONS, INC. and ALLSCRIPTS HEALTHCARE, LLC<br><br>      Defendants. | No. 12-cv-03233<br><br>Magistrate Judge Cole |

### ALLSCRIPTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY AND MEMORANDUM IN SUPPORT

ALLSCRIPTS HEALTHCARE SOLUTIONS, INC. and ALLSCRIPTS HEALTHCARE LLC (collectively, "Allscripts"), by and through their attorneys, respectfully move for leave to file the attached recent decision from the United States Court of Appeals for the District of Columbia Circuit, *Bais Yaakov of Spring Valley, et al. v. FCC, et al.*, --- F. 3d ---, 2017 WL 1192909 (D.C. Cir. Mar. 31, 2017) (attached hereto as Ex. A) ("*Bais Yaakov*"), as supplemental authority in further support of Allscripts' Corrected Response in Opposition to Plaintiff's Amended/Corrected Motion for Class Certification, ECF No. 227-1, (the "Opposition") and in support of Allscripts' Motion for Summary Judgment, ECF No. 209, and filings made in connection therewith, ECF Nos. 213-14. *Bais Yaakov* invalidates a portion of the 2006 regulations promulgated by the Federal Communications Commission ("FCC") under the TCPA pertaining to fax advertisements. *Bais Yaakov*, 2017 WL 1192909, at *1, 4. The invalidated regulation bears directly on disputed issues in this case. As such, the opinion is helpful to the

Court in its decision-making process. *See Jacobs, Jr. v. Guardian Life Ins. Co. of Am.*, 730 F. Supp. 2d 830, 844 (N.D. Ill. 2010) (granting motion for leave to file supplemental authority because "the Court finds the supplemental authority helpful with respect to this point of law").

A. *BAIS YAAKOV* **INVALIDATES THE 2006 FCC RULE REQUIRING ANY OPT-OUT LANGUAGE ON SOLICITED FAX ADS**

1. In its Amended/Corrected Motion for Class Certification ("Motion for Class Certification"), Plaintiff cites the 2006 FCC regulations and states "fax advertisements sent pursuant to an established business relationship ("EBR") or with 'prior express invitation or permission' must contain [a] compliant opt-out notice." ECF No. 204-1 at 2 (citing 47 C.F.R. § 64.1200(a)(4)(iv)) (the "2006 FCC Rule") (emphasis supplied).

2. Based on the 2006 FCC Rule, Plaintiff argues that common issues predominate because one of the "main questions" in this case is "whether the faxes contain [an] opt-out notice required to assert EBR or 'prior express invitation of permission.'" *Id*. at 17. *See also id.* at 18-21. Plaintiff states the opt-out notice requirement obviates the need for the Court to analyze individualized issues as to whether the faxes were sent with EBR or prior express invitation or permission. *See id*. at 18-19 ("[T]he Faxes either contain compliant opt-out notice or they do not. … Thus, Defendants cannot claim EBR or 'prior express invitation or permission.'"). *See also* Pl.'s Rep. in. Supp. of Mot. Class Cert., ECF No. 238 at 1, 10-11 ("Without compliant opt-out notice, 'it does not matter which recipients consented or had an established business relation[ship] with [the defendant].'") (citation omitted).

3. In *Bais Yaakov*, issued on March 31, 2017, the D.C. Circuit held that the 2006 FCC Rule is "unlawful to the extent that it requires opt-out notices on solicited faxes" (*i.e*., faxes which recipients consented to receive). Ex. A, *Bais Yaakov*, 2017 WL 1192909, at *1, 4. As explained in the opinion, a "solicited" fax is a "term of art for faxes sent by businesses with the

2

invitation or permission of the recipient" (*i.e.*, with consent). *See id*. at *1.

4. Thus, it is no longer true that the FCC regulations require "all" fax advertisements contain a compliant opt-out notice. Fax advertisements sent with the consent of the recipients do *not* require an opt-out notice at all – and never could, according to the D.C. Circuit. *See id*. at *1, 4.

### B. *BAIS YAAKOV* RENDERS ALLSCRIPTS' RETROACTIVE WAIVER UNNECESSARY, MOOTING THE ARGUMENTS ON THAT ISSUE

5. Moreover, as this Court is aware, the FCC granted to Allscripts (and others) a retroactive waiver of compliance with the 2006 FCC Rule stated above, thereby relieving Allscripts from the need to have FCC-compliant opt-out notices on solicited faxes sent on or before April 30, 2015. *See* Allscripts' SOF in Supp. of Mot. for Summ. J., ECF No. 214 at ¶ 66.

6. In its Motion for Class Certification, Plaintiff challenges the efficacy of Allscripts' retroactive waiver. *See* ECF No. 204-1 at 19-20. Similarly, in its Opposition to Defendants' Motion for Summary Judgment, Plaintiff states "[e]ven if Allscripts could prove Plaintiff's 'prior express invitation or permission' [*i.e.*, consent], the regulations prescribed under the TCPA require compliant opt-out notice, and the Bureau waiver does not change that." ECF No. 249 at 16-20. *See also* Pl.'s Rule 56.1(b)(3) Resp. to Dfts.' SOF, ECF No. 247 at ¶¶ 66-68.

7. Plaintiff also appealed the issuance of such retroactive waivers to the D.C. Circuit, claiming they were an improper exercise of FCC authority. *See Sandusky Wellness Centers, LLC, et al. v. FCC, et al.*, No. 14-1235 (D.C. Cir.). This appeal, along with other petitions challenging the FCC waivers, were consolidated with the *Bais Yaakov* case.

8. The D.C. Circuit resolved Plaintiff's appeal adversely to Plaintiff in *Bais Yaakov*, holding it was rendered "moot" by the Court's invalidation of the 2006 FCC Rule on which the retroactive waivers were based. *See* Ex. A, *Bais Yaakov*, 2017 WL 1192909, at *4 n.2 ("A

3

different set of petitioners challenged the FCC's waiver. In light of our decision that the FCC's Solicited Fax Rule is unlawful, we dismiss the waiver petitions as moot."). Because the retroactive waiver was based on regulations the D.C. Circuit struck down as invalid *ab initio*, Allscripts no longer requires a retroactive waiver from the FCC to avoid liability for faxes it sent with recipients' consent.

Dated: April 6, 2017                      Respectfully submitted,

By:  /s/ Livia M. Kiser

Livia M. Kiser
lkiser@sidley.com
Lawrence P. Fogel
lawrence.fogel@sidley.com
Andrew Chinsky
achinsky@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Telephone: 312-853-7000
Fax: 312-853-7036

*Counsel for Allscripts Healthcare Solutions, Inc. and Allscripts Healthcare LLC*

## **CERTIFICATE OF SERVICE**

    I, Andrew J. Chinsky, hereby certify that on April 6, 2017, I caused a copy of the foregoing to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, using the CM/ECF system, which will send notification of such filing to all attorneys of record.

        /s/ Andrew J. Chinsky
        Andrew J. Chinsky